THOMAS W. DYER ET AL., Appellants, *v.* FRED. KRACK-
AUER, Respondent.

### May 15, 1883.

1. ACTION TO QUIET TITLE — POSSESSION. — In a proceeding, under the statute, to quiet title, there can be no proof of title for the purpose of raising the legal presumption of possession.

2. —— In such a proceeding a mere legal presumption of constructive possession will not satisfy the statute.

3. —— A plaintiff who has such a possession as will prevent him from maintaining ejectment, may maintain an action to quiet title.

4. —— The fencing of land may be a trespass, and is not conclusive of possession in an action to quiet title.

5. EJECTMENT — DISSEISIN. — One whose enjoyment of real estate is unlawfully interfered with by the entry of another with intent to hold as owner, may elect to treat the latter as a disseisor, and may maintain ejectment.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

E. P. JOHNSTON and THOMAS A. RUSSELL, for the appellants: This is an action at law, in the strict sense of the term, under the statute, section 3562 (*Harrington* v. *Utterback*, 57 Mo. 519 and 521), and is distinct from an equitable action, examples of which are to be found in *Taylor* v. *Ulrici* (19 Mo. 89) and *Pattison* v. *McCamant* (28 Mo. 210). The court erred in excluding the evidence of title offered by appellants, as the statute specifically required them to set forth their estate, showing that it was at least an unexpired term of ten years, and they could not have recovered without evidence of possession and title to that extent. — *Campbell* v. *Allen*, 61 Mo. 581; *Bredell* v. *Alexander*, 8 Mo. App. 110; *Brown* v. *Matthews*, 117 Mass. 506. The possession must be a *pedis possessio,* defined by Taylor in his "Law Glossary" to be "a foothold; a trespasser; what is termed 'a squatter.'" — *Von*

*Phul* v. *Penn*, 31 Mo. 333; *Rutherford* v. *Ullman*, 42 Mo. 216; *Babe* v. *Phelps*, 65 Mo. 27. And the moment respondent allowed his fence to disappear, the possession of these lots invested in appellants. — *May* v. *Luckett*, 48 Mo. 472. And this notwithstanding the tract was divided into blocks and lots. — *Williams* v. *Ballance*, 23 Ill. 193; affirmed in *Hassett* v. *Ridgway*, 49 Ill. 197; *Janes* v. *Patterson*, 62 Ga. 527; *Hubbard* v. *Austin*, 11 Vt. 129. It is immaterial how appellants obtained possession, even if by fraud or actual force. — *Reed* v. *Caldwell*, 32 Cal. 109; *Calderwood* v. *Brooks*, 45 Cal. 519; *Scorpion M. S. Co.* v. *Marsano*, 10 Nev. 378; *Goldberg* v. *Taylor*, 2 Utah, 486 and 492; *Steele* v. *Fish*, 2 Minn. 153; *Murphy* v. *Hinds*, 15 Minn. 182. And a fence always constitutes a legal possession. — Rev. Stats., sects. 5651, 5652; *King* v. *St. Louis Gas-Light Co.*, 34 Mo. 34 and 38; *Campbell* v. *Allen*, 61 Mo. 581; *Southmayd* v. *Henly*, 45 Cal. 101; *Gillispie* v. *Jones*, 47 Cal. 259.

CLINE, JAMISON & CLINE, for the respondent: Evidence of title in the plaintiffs was inadmissible. — *Rutherford* v. *Ullman*, 42 Mo. 216. Plaintiff must show a beneficial possession which he can not abandon, and himself bring the action of ejectment without injury to his interest. A nominal possession is insufficient. — *India Wharf* v. *Central Wharf*, 117 Mass. 504; *Brown* v. *Matthews*, 117 Mass. 506; *Tompkins* v. *Wyman*, 116 Mass. 558; *Byrne* v. *Hinds*, 16 Minn. 521; *Comstock* v. *Henneberry*, 66 Ill. 212; Cf. *Jackson* v. *Schoonmaker*, 2 Johns. 234. Possession gained through sharp practices or fraud will be ignored by the court. — *Rutherford* v. *Ullman*, 42 Mo. 216; *Stetson* v. *Cook*, 39 Mich. 750, 755; *Tichenor* v. *Knapp*, 6 Ore. 205. The possession must be *bona fide*. — *Stetson* v. *Cook*, 39 Mich. 750–755; *Hardin* v. *Jones*, 86 Ill. 316; *Comstock* v. *Henneberry*, 66 Ill. 212; 20 Am. L. Reg. 561, 570.

LEWIS, P. J., delivered the opinion of the court.

This is a proceeding to quiet title, under section 3562 of the Revised Statutes. The circuit court gave judgment for the defendant.

The two lots in controversy have never been occupied otherwise than by the several acts of fencing hereinafter described. The plaintiffs undertook to show a chain of title to the fee in themselves, of a larger tract, including these lots, and an actual occupancy by their tenants of other lots within the tract, but not in the same block with the lots in controversy. The court properly excluded this testimony. There is no question about title in this proceeding. All such questions are distinctly excluded by the very nature and purposes of the action, which assumes that another suit is necessary to try the title; wherefore the defendant should be directed to begin it. The statute does not require the plaintiff to show that he has any title; but only that he *claims* " an estate of freehold, or an unexpired term of not less than ten years," and has the premises in possession. As to what he claims, an averment in the petition will suffice, and will not be issuable, nor can there be any proof of title for the mere purpose of raising the legal presumption of possession, which follows the fact of title. This presumption originates in the courts for certain purposes looking to the ends of justice. It will not satisfy the statute, which demands, not a judicial presumption, such as may arise in the progress of litigation, but the fact of possession, really existing before the action is begun. A man may have an undisputed title to a tract of land which neither he nor any one claiming under or acting for him has ever occupied, or even seen. The courts, for the purpose of protecting him against injury by trespassers, will recognize a constructive possession in his favor. But there is no real possession in the case; and, therefore, nothing that would satisfy the statute we are considering.

It should always be borne in mind that the statutory proceedings to quiet title was never intended as a substitute for the action of ejectment. It assumes that the complainant can not maintain ejectment, because he already enjoys an exclusive and undisturbed possession. If, therefore, so far as the element of possession, or the want of it, is concerned, he might maintain ejectment against an adverse claimant, this statutory proceeding is not for him. No court can properly permit him, in such case, to change, by ruse or contrivance, the relations between contending claimants, so that the right or duty to sue in ejectment shall be shifted from him to the other party. On the other hand, it is the settled construction of this statutory proceeding, that it will not be denied to a party who, in order to bring ejectment, would be compelled to abandon an actual, accustomed, and beneficial use and possession. *Munroe* v. *Ward*, 4 Allen, 150.

Counsel for the plaintiffs argue that they could not sue in ejectment, because the lots were unoccupied, and it was impossible to show a hostile possession in the defendant. They refer to a number of cases in which possession is defined with reference to the statute of limitations, or the action of forcibly entry and detainer. But we know of no case in which it is held that the same open, notorious, actual, exclusive, adverse and continuous possession so defined, must be fixed upon the defendant in an action of ejectment. On the contrary, it is held that one whose enjoyment of his real estate is wrongfully interfered with, may, at his election, often treat the wrong-doer as a disseisor, although not himself actually ousted or dispossessed. *Smith* v. *Burtis*, 6 Johns. 215; *Prescott* v. *Nevers*, 4 Mason, 329. In such a case of election, however, the party suing in ejectment must abandon his possession while the action is pending. *Munroe* v. *Ward*, *supra*; *Burns* v. *Lynde*, 6 Allen, 312. In the ancient action of ejectment, it was sufficient to allege in the declaration a mere entry by the casual

ejector, and ouster of the fictitious plaintiff lessee. Our statute, which abolished the fictions of that proceeding, and was intended to simplify the action, has not heretofore been construed so as to increase the burden on the plaintiff. It seems to be sufficient generally to show that the defendant has done acts which, as against the plaintiff, would amount to a disseisin. The vital fact is, an entry by the defendant as owner, intending to hold the premises in that capacity. Surveying and dividing into lots and blocks may constitute such an entry. Payment of taxes, though not an act of possession, may be competent in evidence to show the intent. *Webb* v. *Richardson*, 42 Va. 465. It is apparent from the undisputed facts in this case, that the plaintiffs, if they had a better title than the defendant, could, at any time within many years past, have maintained ejectment, without any sort of hindrance on the ground that the defendant and his predecessors were not adverse holders. The testimony tended to show that the whole of the larger tract which included the lots in controversy was originally laid off into blocks and lots, with streets and alleys, as they now remain, by those under whom the defendant claims ; that the defendant had been paying taxes, general and special, on these lots for thirteen years before the commencement of this suit ; that, in April, 1878, the defendant built a post and board fence around the lots, and employed a man to keep the same in repair; that this fence stood for about four months, after which the defendant, though he did not rebuild, " went by and over said premises occasionally, looking at and after them, and claiming to own them." The plaintiffs never paid any taxes on the lots. The testimony tended to show, on behalf of the plaintiffs, that in April or May, 1878, one of them, acting for himself and the others, enclosed the lots with a post and a board fence, which he repaired from time to time, until the ensuing August, when he removed to Springfield, Missouri. On

the morning of October 13, 1881, the same plaintiff caused the lots to be enclosed by posts connected with barbed wire in three strands. The work was finished at half-past eight o'clock, A. M., and the petition in the cause was filed at half-past ten on the same day. The defendant destroyed and removed the structure before the next morning. It was shown that this last work of the plaintiffs was done by advice of their counsel, and with a view to the institution of the present suit.

The court, upon the plaintiffs' application, gave three instructions in general terms, and refused one to the effect that if, at the time of filing the petition herein, the plaintiffs had the premises described therein enclosed or fenced, then they were in the actual possession of said premises. That this refusal was proper must be apparent from what we have already said.

The instruction, if given, would have precluded any finding upon the material issue, whether the hurried fencing done by the plaintiffs was indicative, not of an actual and peaceable occupancy, but of a mere interference with the ancient prior possession of the defendants, designed only to make an illusive show for the purpose of this suit. The instruction seems to assume that the making of a fence is conclusive evidence of possession. On the contrary, it may, according to circumstances, be as clearly a trespass, as the unauthorized felling of trees or removal of buildings. Whether it was so or not, in the present case, was a question of fact for the court, sitting as a jury, to determine from the evidence. Upon the court's refusal of the last-mentioned instruction, the plaintiffs took a non-suit, which the court afterwards declined to set aside. Some exceptions were saved by the plaintiffs to admissions and exclusions of testimony. The rulings of the court on these points were in entire harmony with the views herein set forth.

The judgment is affirmed. All the judges concur.