VERMONT MARBLE COMPANY, Respondent, v. E. R. ACHUFF, Defendant, JAMES D. RAGSDALE, Interpleader, Appellant.

St. Louis Court of Appeals, January 16, 1900

1. **Fraud: MORTGAGOR: RIGHT OF CREDITORS: POSSESSION OF MORTGAGED PROPERTY.** A mortgagee of personal goods can not make an arrangement with the mortgagor, whereby the latter may retain possession of the mortgaged articles, bestow labor and skill upon them necessary to prepare them for sale, and then sell them in the ordinary course of business, accounting to the mortgagee for the first cost of the articles so sold, without being guilty of fraud as to the ordinary creditors of the mortgagor.

2. ———: ———: ———: ———.    Such a contrivance would unquestionably be for the use and benefit of the mortgagor and fraudulent as to his other creditors.

Vermont Marble Co. v. Achuff.

3. ———: JURY: PRACTICE, TRIAL: EVIDENCE. When the evidence is all one way, as in the case at bar, and there is nothing uncertain or equivocal, and there is no countervailing evidence there is nothing to submit to the jury, and it is the province of the court to so adjudge and direct the jury.

Appeal from the Monroe Circuit Court.—*Hon. Reuben F. Roy*, Judge.

AFFIRMED.

*J. H. Whitecotton* and *T. T. Rodes* for appellant.

(1) A demurrer to the evidence admits everything that the testimony conduces to prove. Fisher v. Railroad, 23 Mo. App. 201; Noinger v. Fogt, 88 Mo. 589. A demurrer admits every fact which the jurors might infer if the evidence were before them, and should be sustained only when the evidence thus considered fails to make proof of some essential fact in the case. Jackson v. Ins. Co., 27 Mo. App. 62; Herboth v. Gaal, 47 Mo. App. 255. (2) The evidence shows the interpleader's title to the property under the mortgage which was fair and legal on its face, and duly recorded, and there being no impeaching fact of the mortgage proven by extrinsic evidence, the cause should have been submitted to the jury. Hubbel v. Allen, 90 Mo. 574; Bullene v. Barrett, 87 Mo. 185.

*W. T. Ragland* and *Frank W. McAllister* for respondent.

(1) The testimony of Ragsdale himself shows beyond any doubt, that from the time the mortgage was given, Achuff, the mortgagor, remained in possession of and continued selling the mortgaged property in the usual course of business, as a retail dealer in monuments and gravestones with the full knowledge and consent of Ragsdale, the mortgagee and interpleader. The mortgage was therefore for the mortgagor's

own use and is void as to creditors. Shoe Co. v. Gallant, 53 Mo. App. 423; Russell v. Rutherford, 58 Mo. App. 550; Martin, Perrin Mercantile Co. v. Perkins, 63 Mo. App. 314; Bullene v. Barrett, 87 Mo. 185. (2) Where the evidence of plaintiff (interpleader) tends to show unequivocally, facts which void the mortgage, it is the duty of the court to give a peremptory instruction to the jury. McCarty v. Miller, 41 Mo. App. 205.

BLAND, P. J.—On November 20, 1895, E. R. Achuff, made, executed and delivered to J. E. Ragsdale a chattel mortgage transferring to said Ragsdale forty finished marble monuments, fifteen unfinished marble monuments, "all tools and designs and all supplies then used and situated in the shop located in Paris, Mo.," to secure the payment of a promissory note given by Achuff to Ragsdale for $1,600, dated November 5, 1895, due one year after date and bearing interest at the rate of eight per cent per annum from date. On the back of the mortgage was the following indorsement: "Filed this 20th day of November, 1895, at 2 o'clock, Charles A. Creigh, Recorder." On December 12, 1895, the Vermont Marble Company, respondent, commenced a suit in the Monroe circuit court against Achuff by attachment. On the same day a writ of attachment was issued and served by the sheriff, by attaching the marble monuments and some other articles described and embraced in the Ragsdale mortgage as the property of Achuff. On December 14 the defendant gave a delivery bond under the statute, and the attached property was delivered to and retained by him. At the October term, 1896, of the Monroe circuit court J. E. Ragsdale filed his interplea in the attachment suit, claiming right of possession of the attached property under his mortgage. A general denial was filed to the interplea. The issues thus made up were submitted to a jury. After the close of the evidence for the interpleader the court, on motion of the Vermont Marble Company, instructed the

jury to find a verdict for the plaintiff. After an unsuccessful motion for new trial Ragsdale appealed.

When the case was here on a former appeal (74 Mo. App. 43),we held that there was not sufficient evidence in the record to show that the mortgage was recorded, or, if recorded, that it was recorded in Monroe county. To supply this defect in the proof the appellant introduced, Charles A. Creigh as a witness, who testified that he was recorder of Monroe county; that the mortgage was deposited with him on November 20, 1895, under the provisions of the act of 1895, and that he made the indorsement of the date of the deposit of the mortgage at the hour it was left with him, and that the mortgage had remained in his office from the time of its deposit down to the trial. This evidence clearly proved that the instrument was where it should be, and open to inspection of all persons, and that it was recorded in accordance with one of the provisions of the act of 1895 (Session Acts 1895, page 179). The mortgage recites that the mortgagor Achuff was a resident of Randolph county. Evidence was offered by plaintiff tending to prove that this was a misrecital, and that Achuff was at the time a resident of Monroe county. Under this state of facts the circuit court properly admitted the mortgage in evidence, and being fair on its face, and the evidence being that it was given to secure an honest and *bona fide* debt, entitled Ragsdale to a recovery, unless it was shown by extraneous evidence that by an arrangement between the mortgagor and mortgagee, the mortgage was made for the benefit of the mortgagee, or that he was permitted to dispose of the mortgaged property for his own use. Ragsdale was the only witness who testified as to the arrangement between himself and Achuff as to the disposition Achuff was authorized to make of the marble monuments. The substance of his testimony on this matter is, that orders for the monuments were first procured; that after an order was taken, the monument selected, if a finished one, had to be smoothed off and lettered;

if an unfinished one it had to be dressed and lettered; that footings were then furnished and the monument and footings were hauled out to the graveyard and set up; that Achuff and his employees did all this work and paid the commissions on orders, and the expenses of the dressing and the putting up of the monuments, and that all he (Ragsdale) got out of the sales thus made was the first cost of the marble monuments, and to use his own language he was "glad to get that." He further testified that the commission on sales and the cost of dressing and putting up the monuments together equalled or exceeded their first cost. The evidence is that Achuff had for several years prior to the giving of the mortgage been engaged in the tombstone business; that he was so engaged when he gave the mortgage, and that thereafter he continued in the business, using the mortgaged property in the ordinary course of his business, accounting to the mortgagee for the first costs of unfinished marble slabs. If any profits were made in the business it is not shown in the evidence. The question presented for adjudication on this branch of the case is, may a mortgagee of personal goods make an arrangement with the mortgagor, whereby the latter retains possession of the mortgaged articles, bestows labor and skill upon them necessary to prepare them for sale, and then sell them in the ordinary course of his business, accounting to the mortgagee for the first cost of the articles so sold—and not be guilty of fraud as to the ordinary creditors of the mortgagor (there being no evidence that a profit was made on the first cost of the goods)? We must answer this question in the negative. Such a contrivance would unquestionably be for the use and benefit of the mortgagor and fraudulent as to his other creditors. Rubber Mfg. Company v. Supply Company, 149 Mo. 538; Rock Island Bank v. Powers, 134 Mo. 432; Barton v. Singleton, 128 Mo. 164; Vermont Marble Company v. James E. Ragsdale, 74 Mo. App. 43. A creditor when seeking a preference over other of his debtor's creditors must act solely

for himself, and for the honest purpose of securing his own debt. If he goes beyond this and undertakes to aid the debtor in such a manner as to hinder and delay the other creditors in the collection of their debts his preference as to such other creditors must fail. McDonald v. Hoover, 142 Mo. loc. cit. 484; Shelley v. Boothe, 73 Mo. 74; Bigelow v. Stringer 40 Mo. 195. It is contended by appellant that the mortgage being fair on its face, and the fraud, if any, was shown by extrinsic evidence only, the question of fraud should have been submitted to the jury. Barton v. Singleton, 128 Mo. 164; Bullene v. Barrett, 87 Mo. 185. Where the evidence is all one way, and where, as in this case it comes from the mouth of the mortgagee and is in the nature of a judicial admission, the proof is as cogent and satisfactory as though the fraudulent agreement had been written in the body of the mortgage. From the testimony of Ragsdale there was nothing equivocal, nothing uncertain, about the arrangement, and there was no countervailing evidence, and therefore nothing to submit to the jury. The fraud was self-evident, and it was the province of the court to so adjudge its existence, and to direct the jury, as it did, to find the issues for respondent. Jones on Chattel Mortgages, sec. 416.

The judgment is affirmed. All concur.