VON PHUL, Plaintiff in Error, v. PENN, Defendant in Error.

| 31 | 333 |
| 33a | 101 |
| 31 | 333 |
| 34a | 417 |
| 31 | 333 |
| 56a | 627 |
| 31 | 333 |
| 132 | 270 |
| 31 | 333 |
| 151 | 162 |

1. In order to institute proceedings under the statute (R. C. 1855, p. 1241, § 62,) the petitioner should be in actual possession of the premises. The object of this proceeding is not for the purpose of settling the title to the premises in the first instance, but is only preliminary to an action which the defendant or adverse claimant may be ordered to bring for that purpose.

*Error to Pettis Circuit Court.*

*Stephens & Vest,* for plaintiff in error.

I. The only question involved in the case is whether a party can show such possession as is contemplated in section 62 by showing title to the land. If actual possession, *pedis possessio,* is necessary, then tracts of land not in the actual possession of either claimant would not be embraced in the provisions of the section. We contend, on the other hand, that this section was intended by the legislature as a substitute for the old chancery proceeding to "quiet title," and that when neither party has actual possession. Here, for instance, is a party living in St. Louis, having a clear title to a tract of land in Pettis county. There is no actual adverse possession, but he hears that a party claims the land. Now, can not he maintain his suit under the statute, and on the trial show possession by showing title? The possession is presumed to be with the title, and having shown title to the land the possession goes with it, unless actual adverse possession is shown. The statute contemplates and requires that the plaintiff should establish title in order to maintain his suit. He must show both title and possession, but in this case the court below would not allow the plaintiff to make out his case as he pleased to conduct it, but excluded the evidence of title without waiting for anything more.

*Adams,* for defendant in error.

I. The only question in this case was the actual possession of the land. Unless the plaintiff could show an actual possession, *pedis possessio,* he had no right to require the defendant

22—VOL. XXXI.

to bring suit to try the title. A suit of that kind must be an action of ejectment, and can only be brought against a party in the actual possession. (R. C. 1855, p. 690, § 4–8.) A suit of ejectment pre-supposes some one in the actual possession. If there was no actual possession there would be no one to eject.

II. The title to the land could not be tried in this case. It was only a preliminary proceeding to ascertain if the defendant ought to bring a suit to try the title. The deeds offered by the plaintiff were incompetent upon the question before the court for any purpose whatever. If the title was in dispute and could be tried here, what would be the necessity of requiring another suit for that purpose? (R. C. 1855, p. 1241, § 62, 63.)

EWING, Judge, delivered the opinion of the court.

This was a proceeding under section 62, article 6, practice act, to require the defendant to show cause why he should not bring an action to try the title to certain real estate claimed by the plaintiff. The plaintiff alleges that he is in possession of the land and has a title in fee to the same; that defendant makes some claim to the land adverse to the plaintiff, and asks that he be summoned to show cause why he should not bring suit to try the title thereto.

The defendant answered denying the possession and title of plaintiff, and alleging title in fee in himself, and that since 1839, he, by his agents and tenants, has had exclusive possession of said land adverse to plaintiff and all the world, claiming right and title thereto, and still has possession thereof. On the trial, the plaintiff offered as evidence a sheriff's deed executed to James L. English and a deed from English to him, which at the instance of the defendant were excluded; whereupon the plaintiff took a non-suit and moved to set the same aside, which being overruled, he filed a bill of exceptions and brings the cause here by writ of error.

It is evident that this proceeding is not one for the purpose of settling the title to the premises in the first instance,

but is only preliminary to an action which the defendant or adverse claimant may be ordered to bring for that purpose. The prayer of the petition, following the statute, is that the adverse claimant may be summoned to show cause why he should not bring an action to try their alleged title. If the title may be investigated and determined in this way, the statute would seem to be without meaning when it provides that the adverse claimant may be required to institute a suit for this purpose The sixty-third section says if the defendant shall appear and disclaim all right and title adverse to the petitioner, he shall recover the costs; if he shall claim title, he shall by answer show cause why he should not be required to bring an action and try such title, and the court shall make such judgment or order not respecting the title but respecting the bringing and prosecuting of such action as may seem equitable and just. (Practice Act, article 6, section 63.) The nature of the proceeding is further evident from the action to be taken by the court in case of default by the defendant, or his refusal to obey the order of the court to bring an action to try the title.

We are of opinion the petitioner should be in the actual possession of the premises, in order to institute this proceeding; and if he is not, he is not in a position to require the adverse claimant to bring on a suit to try the title. If he be not in possession and the defendant should be ordered to sue, the defendant could not maintain an action of ejectment against him; for this action must always be brought against the persons in possession of the premises claimed. The deeds therefore were rightly excluded as having no bearing upon the question of possession, and as the title was not in issue they were inadmissible for that purpose. It is contended, however, that possession might be shown by showing title, inasmuch as possession follows the title. It is true that where the title is, there also is constructively the possession ; but to say that the deed was admissible to prove possession, because it gave title, was virtually to investigate the title and to try an issue not invalid in this proceeding, and which

could only arise in a future suit which might or might not be ordered.

Judgment affirmed. Judge Scott absent. Judge Napton not sitting.