Rutherford v. Ullman.

———•———

ARCHIBALD S. RUTHERFORD, Respondent, v. BENJAMIN ULLMAN, Appellant.

1. *Statute — Quieting Titles — Construction.* — In order to institute proceedings under the statute touching suits for quieting titles (Gen. Stat. 1865, p. 662, § 53), the petitioner must be in actual possession of the premises; the object of the petition being, not for the purpose of settling the title in the first instance, but only preliminary to an action which the defendant or adverse claimant may be ordered to bring for that purpose.

2. *Statute — Attornment — Possession.* — Under section 15 of Gen. Stat. 1865, p. 740, giving a key of premises to a third party by a tenant, without the consent of his landlord, is a void attornment, and in no wise affects the possession of the landlord.

*Appeal from Fifth District Court.*

*Vories, Hill, Woodson & Jones,* for appellant.

I. The statute under which this proceeding was had was only intended to give a party a remedy, where he owned land and was in undisturbed possession thereof, by compelling a person who claimed to have some adverse title to assert it in the court and have the title quieted. But it was not intended to confer this right upon any one who was in a condition where he could bring an ejectment himself to try the title. If the adverse claimant was in possession of any part of the land, he could bring his suit against him, and did not need the statutory remedy.

II. There would be no just or equitable reason for compelling the defendant to sue, where the plaintiff could just as well sue as the defendant, the latter being in possession of part of the property. (Gen. Stat. 1865, p. 663, § 54; 31 Mo. 333.)

*Parker, Strong, Chandler & Sherman,* for respondent.

I. In this proceeding, title cannot be inquired into. The one in possession may institute this proceeding. (Shultz v. Arnot *et al.,* 33 Mo. 172.)

II. Though a person's premises are occupied by a tenant, it is the landlord's possession in fact and in law. He whom the law declares in possession, and not he whom it declares should be in possession, is the one we maintain to be the " actual possessor." If Ullman entered into the vacant room under plaintiff's tenant, it is still plaintiff's possession.

III. Whatever the testimony discloses the facts to be in relation to the transactions between defendant and plaintiff's tenant,. the law is settled that " even an adverse claimant who gets into possession by tampering with the tenant cannot resist the landlord's claim where the tenant himself could not." (Taylor Land. and Ten. § 705, *n.* 7; 4 Watts & S. 188; 2 Binney, Pa., 468 · 6 *id.* 59–62.

IV. An action of ejectment brought to try the title to a single room will not try the title to the whole premises. Admit that defendant is not only in possession but the owner of that room, cannot the plaintiff, if in possession of the remainder, compel the defendant to try the title which he sets up against the plaintiff?

V. Plaintiff cannot maintain ejectment upon the facts of this lease; for ejectment is a possessory action, and the plaintiff cannot recover in such action if he is in possession (Gen. Stat. 1865, p. 606, § 8; 25 Penn. St. 399); nor if he is in possession of part (Monroe v. Ward, 4 Allen, 150–1).

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the respondent against the appellant, in the Court of Common Pleas for Buchanan county, under section 53, chapter 165, of General Statutes, providing for quieting titles. The plaintiff, in his petition, charged that he was the owner in fee of a certain lot in the city of St. Joseph, and was in lawful and peaceable possession of the same, and that he was credibly informed and believed that

the defendant made some claim to the property adverse to the estate of the plaintiff; and prayed that the defendant might be summoned to show cause why he should not bring an action to try his alleged title, if he had any, to the said property. The defendant, in his answer, denied that the plaintiff was the owner in fee, or in the lawful or any other possession of the lot in controversy; but stated that the lot was the property of the defendant, and that the defendant, at the time of plaintiff's filing his petition, and for a long time before and ever after, was in the actual possession of a portion of the said lot, by himself and tenant, under a claim of right and title to the whole, adverse to the plaintiff, and that the plaintiff could have resorted to his action of ejectment to enforce his claim; and asked that the plaintiff be left to his remedy at law for the possession of the lot. The evidence, which is very brief, discloses distinctly that, for a number of years prior to the filing of the petition, the plaintiff was in possession of the whole lot by his tenants, who occupied the principal buildings on that lot; that a short time before the institution of this action, the defendant, Ullman, went to Mr. Williams, the plaintiff's tenant, who was in possession of the lot, and kept a store in the building situated thereon, and asked for the key to a small room that was in a building on the lot north of the house in which a store was kept; the room was empty, and he stated that he wanted to get into it. Mr. Williams gave him the key, and he went into the room and put an old woman into it, and ever afterward kept some one in, for little or nothing, to hold it for him.

The Court of Common Pleas found for the defendant; and, on error prosecuted to the District Court, the judgment was reversed, and the case is now brought here for review on appeal. It has been decided that, in order to institute proceedings under the statute, the petitioner must be in actual possession of the premises; the object of the proceeding being, not for the purpose of settling the title of the premises in the first instance, but only preliminary to an action which the defendant or adverse claimant may be ordered to bring for that purpose. (Von Phul v. Penn, 31 Mo. 333.) The plaintiff, before he can avail himself of the statutory privilege, must show an actual possession—*pedis pos-*

*sessio*—and the only inquiry is, whether Ullman's entering and retaining the occupancy of the room amounted to such an ouster as to deprive him of this particular remedy. There is no attempt to deny the plaintiff's uninterrupted and exclusive possession for several years ; and it is also an unquestionable fact that Williams was the tenant of the plaintiff. His giving the key, then, to the defendant, was a void attornment, and could not affect the possession of his landlord, the plaintiff. Section 15 of Gen. Stat. 1865, p. 740, declares that the attornment of a tenant to a stranger shall be void, and shall not in anywise affect the possession of his landlord, unless it is made with the consent of the landlord, or pursuant to or in consequence of a judgment at law, or a decree in equity, or sale under execution or deed of trust, or to a mortgagee after the mortgage has been forfeited. Such being the case, the plaintiff's possession was not affected, and it was wholly incompetent for the defendant to set up any adverse possession.

The action of the Court of Common Pleas in the giving and refusing of instructions was based on a misapprehension, and the decision of the District Court, in reversing the judgment, must be affirmed. The other judges concur.