WM. DEWARE, Defendant in Error, *v.* BENJAMIN B. WYATT, Plaintiff in Error.

1. *Action compelling party to quiet title — Defense — Suit to quiet title may be brought in Federal court — Construction of statute — Non-resident defendant.* — In proceedings under the statute (Wagn. Stat. 1022, § 53) compelling defendant to show cause why he should not bring suit to try his title, it is a good defense that he has already done so in the United States court.  He is not forced to take steps by affidavit, etc., to transfer the cause.  The case is not one where the State court has obtained jurisdiction of the subject-matter.  The statutory proceeding is not in the first instance for the purpose of settling the title, but preliminary to an action which the adverse claimant may be compelled to bring.  And the order of the court does not respect the title, but the institution of the action.

In suit by claimant to adjust his title he may resort to the Federal tribunal, and will not be restricted to the court of the county where the lands are situate, as in State cases.

Such suit to show cause may be brought against a non-resident if proper service can be had upon him in the State.

*Error to Johnson Court of Common Pleas.*

*H. B. Johnson* and *R. F. Wingate*, for plaintiff in error.

*Crittenden & Cockrell* and *Elliott & Blodgett*, for defendant in error.

The facts stated, if true, were no defense to the action.    The State court having obtained jurisdiction over the person of the defendant and the subject-matter of the action, has the right to retain it, and will retain it, unless the defendant, by affidavit filed at the first term, in pursuance of the twelfth section of the judiciary act of 1789, removes the cause into the Circuit Court of the United States. (Rogers v. City of Cincinnati, 5 McLean, 337; McLeod v. Duncan, *id.* 342.)

Deware v. Wyatt.

BLISS, Judge, delivered the opinion of the court.

The plaintiff filed his petition under the statute (Wagn. Stat. 1022, § 53), showing that he was in possession as owner of certain lands to which defendant makes some claim, and asks that he be summoned to show cause why he should not bring an action to try his title. The preliminary order was issued, and defendant answered that he was a citizen of Kentucky, and had already, and since the service of notice, commenced proceedings to vindicate his claim in the United States Circuit Court of Missouri. This answer was stricken out on motion and a peremptory order was issued, to reverse which defendant brings the case to this court.

The action of the court in striking out the answer was erroneous, as it furnished a good reason why the defendant should not be required to bring another suit. He had a right to bring his action in the Federal court, and it was not the intention of the statute to deprive him of that right, nor could it be done if such was the design. Counsel seem to imagine that the proceeding was a suit to try the title; that therefore the State court has acquired jurisdiction; and that defendant, if he would go into the Federal courts, must take steps to transfer the cause. But, in the language of Judge Ewing, in Von Phul v. Prim, 31 Mo. 333, " this proceeding is not one for the purpose of settling the title to the premises in the first instance, but is only preliminary to an action which the defendant or adverse claimant may be ordered to bring for that purpose;" and the order of the court after appearance is not respecting the title, but the bringing the action. The original proceeding would ordinarily be instituted where the lands lie; and the action being a local one, if a suit were instituted in the State court, it would be in the same county. But it is sufficient if it be instituted in any court having jurisdiction, and the claimant cannot be controlled by the person in possession in his selection of the tribunal; and if his return shows that an action has been commenced, the object of the petition is obtained and no further order can be had.

The Supreme Court of Massachusetts, in Macomber v. Jaffray, 4 Gray, 82, under a similar statute, deny the right to proceed

against a non-resident; but I do not see, if actual notice can be given within the State, why a foreign domicile should excuse the claimant from prosecuting his claim. This court, in Grant v. King, 31 Mo. 312, only held that actual notice must be given, which may be served as a summons in an ordinary suit, if the defendant be temporarily within the jurisdiction of the court.

As the defendant claims an interest, and has selected another tribunal in which to prosecute his claim, a difficulty arises in relation to the costs. The judgment must be reversed and the cause remanded, and all the costs made after the filing of defendant's answer should be taxed against the plaintiff; but the costs made before should, I think, be recovered of defendant. The other judges concur.