————o————

ROBERT CAMPBELL, EXEC'R OF DAVID RANKIN, DEC'D, Respondent, *vs.* NATHAN D. ALLEN, Appellant.

1. *Action to quiet title—Plaintiff's possession.*—Unless plaintiff in an action to quiet title, is in possession at the time of commencing his suit, he cannot recover.

2. *Instruction—Evidence—Refusal.*—Instructions not based on evidence, are properly refused.

*Appeal from St. Louis Circuit Court*

*A. McIlhenny,* for Appellant, cited Von Phul vs. Penn, 31 Mo., 333 ; Rutherford vs. Ullman, 42 Mo., 218.

*Stuart & Wieting,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought under the provisions of the statute (Wagn. Stat., 1022, § 53), to compel defendant to institute a suit for certain real estate, which, it was alleged, he set up some claim to. An order having been made by the court, and summons issued and served, the defendant appeared and stated in his answer that he did claim the property adversely to the plaintiff, and there was a denial that plaintiff was, or ever had been in the possession of the premises.

The cause was submitted to the court without the intervention of a jury, and a judgment was rendered for plaintiff, ordering defendant to commence his action to settle the title within a prescribed time. The question of plaintiff's possession is the only point presented to this court. Unless he was in possession at the time of commencing this proceeding, his action cannot be maintained. (Statute, *supra* ; Von Phul vs. Penn, 31 Mo., 333 ; Rutherford vs. Ullman, 42 Mo., 216.)

The plaintiff claimed title, and also possession as executor and devisee of David Rankin, deceased. but the will is not copied in the bill of exceptions, nor does it appear to have been given in evidence. He is, however, spoken of as devisee and we must therefore assume that by the terms of the will the title was vested in him.

To show possession, David Rankin, on the part of the plaintiff, testified that the land was fenced by the heirs of David Rankin, deceased, at the request of the plaintiff, and that it was paid for out of the funds of the estate ; that the estate had been finally settled when the fence was put up, but that the land in controversy was not at that time distributed or sold by plaintiff, and that he still held it under the will, and that the fence was made for him. Another witness testified to substantially the same facts. There was also evidence going to show that part of the fence had been removed, but that a portion of it still remained.

Defendant asked three instructions, one of which was given and two refused. The one given is not copied in the record, and we would be entirely justified in affirming the judgment for that reason, as the presumption is that the court declared the law rightly, and as the defendant took the appeal, it was his duty to see that the transcript was perfect and complete.

But the two instructions refused were rightfully refused. The first was that, if the possession was by means of a fence inclosing the premises, and was taken by means of such fence by the Rankin's heirs, and paid for by them. then such possession was their possession, and not the plaintiff's. There was no evidence to support this instruction.

The testimony had no tendency to show that the Rankin heirs took the possession by means of the fence, or that they paid for making it. On the contrary, it showed that the fence was made by the heirs of Rankin at the request of the plaintiff and for him, and that he paid for it out of the funds of the estate, and that the title at the time was vested in him, and they were simply acting as his agents.

The second instruction declared the law to be that, if the plaintiff had made final settlement of the estate of David Rankin, deceased, he had no longer charge of the estate, and although consenting to the taking possession of the premises by the heirs of said Rankin, such possession was not his possession, unless he employed the party taking possession to do so in his name and for him. This instruction is also objectionable as being contrary to the evidence.

The final settlement had nothing to do with plaintiff's rights. The proofs show that he held as devisee. There was no evidence about his consenting to the taking of possession by the Rankin heirs, for they did not take possession at all. They, acting for him and at his request, built the fence, and that is the whole case.

Judgment affirmed. Judges Napton and Sherwood concur. Judges Vories and Hough absent.