### BABE v. PHELPS, APPELLANT.

**Suit to quiet title:** POSSESSION: CLAIM OF TITLE: PLEADING. In the statutory proceeding to quiet title to land, when the question of possession is raised by the pleadings, the defendant is entitled to have it tried, although the answer contains no affirmative claim of title in him, if it does not deny the allegation of the petition that he makes such claim.

*Appeal from Jasper Circuit Court.*—JOSEPH CRAVENS, Judge.

*C. B. McAfee*, for appellant.

*Harding & Buler*, for respondent.

NORTON, J. This suit was instituted in the Circuit Court of Jasper County for the purpose of quieting title to certain lands in said county claimed by plaintiff. Plaintiff in his petition alleged that he was the absolute owner in fee simple of an estate of free-hold and in the possession of certain lands therein described, and that he was informed and believed that defendant made some claim of title to the same adverse to the estate of petitioner, and prayed the Court to summon defendant to show cause why he should not bring an action to try the alleged title. Defendant being summoned made his answer in which he alleged that plaintiff was not the owner of the lands described in the peti-

tion, and that the plaintiff was not at the time of filing his petition, nor at any other time, in possession of the said lands or any part thereof. The plaintiff filed his motion for judgment requiring defendant to bring suit to try his title notwithstanding said answer, which motion was sustained by the Court, and judgment rendered against defendant, from which, after ineffectual motions for new trial and arrest of judgment, he appealed to this Court.

Under the statute authorizing the proceeding instituted in this case it is made an indispensable condition to its maintenance that the plaintiff should be in the actual possession of the real property the title to which he seeks to have quieted or settled. It was therefore the right of defendant to deny, as he did in his answer, the fact of possession alleged by plaintiff in his petition, and possession having been denied an issue was presented, which it was the duty of the court to try before making an order requiring defendant to institute his suit to try his title. *Von Phul v. Penn* 31 Mo. 333 ; *Rutherford v. Ullman* 42 Mo. 216. Inasmuch as the petition of plaintiff alleged that defendant claimed title in the land, his failure to deny that allegation was an admission of its truth, and his failure to set up in his answer his claim of title affirmatively did not deprive him of the right to have the question of possession tried. We therefore think that the Court erred in sustaining the motion and entering judgment for plaintiff. Judgment reversed and cause remanded with the concurrence of the other judges, except Judge Sherwood, absent.

REVERSED.