Dyer v. Baumeister.

DYER *et al.*, *Plaintiffs in Error*, v. BAUMEISTER *et al.*

1.  **Suit to Quiet Title: STATUTE: EVIDENCE,** In an action under Revised Statutes, sections 3562 and 3563, to quiet title to land, evidence offered by the plaintiff that he is the owner in fee is properly excluded. It is sufficient for him to show that he is in the actual possession of the property, claiming either an estate of freehold, or an unexpired term of not less than ten years.

2.  ——: ——: POSSESSION. The possession of plaintiff is insufficient to maintain the suit where it is merely nominal and obtained by an act of trespass, for the sole purpose of instituting the proceeding, so as to shift the burden of establishing the title on the defendant.

3.  ——. The statutory proceeding to quiet title was not intended as a substitute for the action of ejectment.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*E. P. Johnson* and *T. A. Russell* for plaintiffs in error.

(1) The court erred in excluding the evidence of title offered by appellants, as the statute specifically required them to set forth their estate, showing that it was at least an unexpired term of ten years, and they could not have recovered without evidence of possession and title to that extent. *Von Phul v. Penn*, 31 Mo. 333; *Campbell v. Allen*, 61 Mo. 581; *Bredell v. Alexander*, 8 Mo. App. 110; *Brown v. Matthews*, 117 Mass. 506. (2) It is immaterial how appellants obtained possession, even if by fraud or actual force. *Reed v. Caldwell*, 32 Cal. 109; *Calderwood v. Brooks*, 45 Cal. 519; *Scorpion, etc., v. Marsano*, 10 Nev. 378; *Goldberg v. Taylor*, 2 Utah, 486; *Steele v. Fish*, 2 Minn. 153; *Murphy v. Hinds*, 15 Minn. 182; *Harris v. Turner*, 46 Mo. 439; *King v. St. Louis, etc.*, 34 Mo. 34. (3) A fence always constitutes a legal possession. *Campbell v. Allen*, 61 Mo. 581; *Gellispie v. Jones*, 47 Cal. 259. (4) Neither the right of possession of appellants, nor their title to the premises, could be tried in this action. *Von Phul v. Penn*, 31 Mo. 333.

*F. A. Cline* for defendants in error.

(1) The ruling of the lower court, excluding evidence tending to show title in plaintiffs, was proper. *Rutherford v. Ullman*, 42 Mo. 216. (2) Plaintiff must show a beneficial possession which he cannot abandon, and himself bring the action of ejectment without injury to his interest; a nominal possession is insufficient. *India Wharf v. Central Wharf*, 117 Mass. 504; *Brown v. Matthews*, 117 Mass. 506; *Tompkins v. Wyman*, 116 Mass. 558; *Byrne v. Hinds*, 16 Minn. 521; *Comstock v.

*Henneberry*, 66 Ill. 212; *Jackson v. Schoonmaker*, 2 Johns. 234. Our statute is copied from the Massachusetts statute, and the decisions cited from that state are, therefore, binding in this. *Skouten v. Wood*, 57 Mo. 380. (3) Possession gained through sharp practice, or fraud, will be ignored by the court. *Rutherford v. Ullman*, 42 Mo. 216; *Stetson v. Cook*, 39 Mich. 750, 755; *Tichenor v. Knapp*, 6 Ore. 205. And this is true even in actions of forcible entry and detainer. *Keene v. Schnedler*, 9 Mo. App. 597; *De Graw v. Prior*, 60 Mo. 56.; *Crispen v. Hannovan*, 50 Mo. 536; *Kincaid v. Logan*, 7 Mo. 167; *Garrison v. Savignac*, 25 Mo. 47. (4) The possession must be *bona fide*. *Stetson v. Cook*, 39 Mich. 750, 755; *Hardin v. Jones*, 86 Ill. 316; *Comstock v. Henneberry*, 66 Ill. 212; 20 American Law Register, 561–570.

NORTON, J.—This suit was instituted in the St. Louis circuit court under sections 3562 and 3563, Revised Statutes. It is set up in the petition that plaintiffs claim that they are the owners in fee, and in the actual possession of a lot of ground described therein, and that defendants claim the same adversely to them; and the court is asked to make an order requiring defendants to show cause why they should not bring an action to try their title. Defendants, in their answer, deny that plaintiffs, at the time the suit was commenced, were in possession of said lot, and allege that they were in possession. On the trial, judgment was rendered for defendants, which was affirmed by the St. Louis court of appeals, on plaintiffs' appeal, and from this judgment of affirmance plaintiffs have appealed to this court.

On the trial plaintiffs offered evidence tending to prove that they were the owners in fee of the lot. This evidence was objected to on the ground of irrelevancy, and the objection was sustained, and this action of the court is assigned for error. The indispensable condition to the maintenance of this statutory proceeding is that

the plaintiff must be in the actual possession of the real property, the title to which he seeks to have quieted. He is not required by the statute to aver and prove that he is the owner of an estate of freehold, or an unexpired term of not less than ten years. All that he need aver is that he is in actual possession of the property, "claiming" either "an estate of freehold or an unexpired term of not less than ten years, setting forth the estate claimed, whether of inheritance for life or years. The statutory proceeding is not, in the first instance, for the purpose of settling the title, but preliminary to an action which the adverse claimant may be compelled to bring. The order of the court does not respect the title, but the institution of the suit." *Deware v. Wyatt*, 50 Mo. 236; *Babe v. Phelps*, 65 Mo. 27; *Von Phul v. Penn*, 31 Mo. 333; *Rutherford v. Ullman*, 42 Mo. 216. The evidence offered was properly refused, inasmuch as the question of title was not involved, and not a proper subject of inquiry in the proceeding.

Evidence was offered tending to show that defendants, and those under whom they had claimed the property in dispute since 1867, and had built a fence around it in 1878, which was kept up for about one year, the premises being used for the storage of wagons; that this fence disappeared at that time; that defendants continued to exercise acts of ownership over it, and paid the general and special taxes on the property for about thirteen years. The evidence in regard to the payment of taxes was received over the objection of plaintiffs. The evidence was only admissible for characterizing the possession which defendants undertook to establish.

Plaintiffs asked four instructions, all of which were given, except the fourth, which is as follows: "That, if at the time of filing the petition herein, the plaintiffs had the premises described therein enclosed or fenced, they were in the actual possession of said premises."

The three instructions that were given by the court predicated plaintiffs' right to maintain the suit on the

fact of their being in actual possession when the suit was brought.

In view of the instructions that were given, and the evidence tending to show possession of defendants, and the evidence disclosing the circumstances under which plaintiffs put the fence around the premises, the fourth instruction was properly refused. It appears from the record that on the morning of the thirteenth of October, 1881, plaintiffs had the lumber and materials out of which the fence was constructed hauled to the premises, and that a barbed wire fence of three strans was hurriedly put on the front and rear part of the lot, which was finished at half-past eight o'clock, and the petition in the case filed at half-past ten o'clock. From these facts it is clear that plaintiffs' possession was merely nominal, if not wrongful, obtained under circumstances tending to show a trespass, and with the sole object of instituting this proceeding, in order to shift the burden of establishing title from their own shoulders on to the defendants. We can see no reason why, under the evidence in this case, the plaintiffs, at the time of building the fence, could not have maintained ejectment against defendants. This affords sufficient reason for refusing the instruction. *Rutherford v. Ullman,* 42 Mo. 216.

The design of the statute was to enable a party in actual possession of land, claiming it as his own, to compel a party out of possession, who also claimed to be the owner, to bring ejectment to settle the question between them. As is well said in the case of *Dyer v. Krackauer,* 14 Mo. App. 39, "it should always be borne in mind that the statutory proceeding to quiet title was never intended as a substitute for the action of ejectment. It assumes that the complainant cannot maintain ejectment, because he already enjoys an exclusive and undisturbed possession. If, therefore, so far as the element of possession, or want of it, is concerned, he might maintain ejectment against an adverse claimant, the statutory proceeding is not for him."

For the reasons given, the judgment is hereby affirmed, in which all concur.