ROBERT F. BURT *et al.*, Appellants, v. THOMAS H.
WARREN, Respondent.

### St. Louis Court of Appeals, April 10, 1888.

ACTION—SUIT TO QUIET TITLE.—A suit to quiet title, under section 3562
of the Revised Statutes, cannot be maintained where it appears
that the only interest claimed by the defendant is one upon which
no right of action exists.

APPEAL from the St. Louis Circuit Court, HON.
LEROY B. VALLIANT, Judge.

*Affirmed.*

W. B. THOMPSON and MILLS & FLITCRAFT, for the
appellants:     The provisions of the Revised Statutes
entitle plaintiffs to the relief prayed for in this action if
it appeared (1) that plaintiffs are in possession of the
property in controversy ; (2) if the claim made by the
defendant is adverse to the interest of the plaintiffs and
constitutes a cloud upon the plaintiffs' title.     And the
only defence that can be made to this action is (1) defend-
ant can disclaim all right and title adverse to the
petitioners, and (2) if defendant claims an adverse title
he must show by his answer why he should not be
required to bring an action and try such title.     *Benoist
v. Murrain*, 47 Mo. 537 ; *Bredell v. Alexander*, 8 Mo.
App. 110 ; *Bedell v. Meade*, 81 Mo. 297 : *Clark v. Ins.
Co.*, 52 Mo. 276 ; *Von Phul v. Penn*, 31 Mo. 533 ; *Rud-
derford v. Ullman*, 42 Mo. 216 ; *Beebe v. Phelps*, 65
Mo. 27 ; *Keane v. Kyne*, 66 Mo. 216. *Maston v. Grines*,
88 Mo. 478, holds that any contract which renders the
title suspicious in the minds of reasonable men and to
any extent depreciates the value of the property, con-
stitutes a cloud upon the title.     *Bredell v. Alexander*,
8 Mo. App. 110.

CHRISTIAN & WIND, for the respondent:   The statute was never intended to apply to a case like the one at bar, for the reason that appellants can bring an action against respondent, but respondent cannot bring his action against appellants.   *Webb v. Donaldson*, 60 Mo. 394 ; *Benoist v. Murrain*, 47 Mo. 537.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action instituted under section 3562, Revised Statutes, 1879, to quiet title.   The petition states the necessary facts entitling the plaintiffs to relief under the statute.   The defendant appeared and answered, admitting that the plaintiff was in possession, and claiming that defendant had an interest in the land arising out of the following facts :   The plaintiff Burt and one Gardner, who is the grantor of plaintiff Wilson, entered into a contract with defendant, whereby they bound themselves to divide whatever amount above twenty-eight thousand five hundred dollars the land sold for ; each agreeing not to dispose of the land without the consent of the other, under a penalty of ten thousand dollars, and this is all the interest defendant claims.

The defendant, further answering, stated that the plaintiff Burt had instituted an action against him in the circuit court of the United States for the eastern district of Missouri, to have such contract cancelled for fraud, which suit is now pending and undetermined.

Upon the trial of the case the defendant admitted that he had a claim against the real estate described in the petition by virtue of his contract set forth in the answer, and that said contract and claim did constitute a cloud on the title of plaintiffs, and was calculated to prevent, and did prevent, plaintiffs from making a sale of the same, and that said contract is the subject of litigation in the suit in the United States court, and plaintiff rested his case on such admission.

The defendant thereupon introduced in evidence the petition filed by plaintiff, in the United States circuit court, which sets out the contract in full, prays for an account, and for the cancellation of the contract for fraud, and the defendant rested.

This being all the evidence, the court rendered judgment in favor of the defendant.

We see no error in this. We are not called upon to decide how far the defendant's answer, which asserts an interest in the land, and the defendant's admission that such interest is a cloud upon the title, are borne out by the contract offered in evidence. Nor are we called upon to decide whether the pending action in the federal court is another action pending in the sense in which the pendency of one action abates the prosecution of another. It is sufficient for the purposes of this case to say that the evidence shows no right in the defendant which has been invaded by anything that the plaintiffs have done, and that the defendant has no right at present which he could assert by any action which the court might order him to bring.

We deem it an essential prerequisite to an order upon a defendant to bring an action under the statute that the plaintiff should show that the defendant upon the claim advanced in his answer has some right of action entitling him to affirmative relief. Any other construction would lead to the absurd result of compelling the defendant to bring an action when he admittedly has no cause of action whatever.

That this is the true construction of the statute appears by every decision rendered thereunder. In *Von Phul v. Penn*, 31 Mo. 333, it was held that the plaintiff must be in the actual possession of the land and not in its constructive possession merely, because in the latter event the defendant could not be ordered to bring ejectment. This was followed in *Rutherford v. Ullman*, 42 Mo. 216; *Babe v. Phelps*, 65 Mo. 27, and *Dyer v. Baumeister*, 87 Mo. 138. In the last case Judge Norton says, "that the design of the statute was to

enable a party in actual possession of land, claiming it as his own, to compel a party out of possession who also claimed to be owner, to bring ejectment to settle the question between them." To the same effect is *Webb v. Donaldson*, 60 Mo. 394.

This definition is probably too narrow, since, in *Benoist v. Murrin*, 47 Mo. 539, it was held, and we think properly, that the action would lie against a party claiming an unassigned right of dower although it will not sustain ejectment. But the decision was put upon the ground that dower was an adverse claim and the party asserting it had an existing cause of action present and complete. Even the case of *Bredell v. Alexander*, 8 Mo. App. 110, which is mainly relied on by the plaintiffs, distinctly holds that the claim must be one which can be presently asserted, and enforced by an appropriate remedy at law or in equity.

As the facts of the case do not show the plaintiffs entitled to maintain this action against the defendant, the judgment was for the right party and must be affirmed. It is so ordered. All concur.