J. C. CHAFFIN *et al.*, Trustees, Appellants, v. WILLIAM CLARK, Respondent.

**St. Louis Court of Appeals, November 27, 1888.**

**Suit to Quiet Title :** POSSESSION. A proceeding to quiet title under section 3562, Revised Statutes, cannot be maintained when the plaintiff is not in possession of the property.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Cunningham & Eliot*, for the appellants.

In cases of disputed title it is not for the tenant to decide the conflicting claims, and throw the burden of suing in ejectment upon the party from whom he had possession. *Dyer v. Krackauer*, 14 Mo. App. 39. If Clark is an adverse claimant, such as he admits himself to be by his answer, in the suit to quiet title, wherein

does he improve his situation by admitting the validity of plaintiffs' title to a certain point or time? The truth of the whole matter is, that the defendant Clark has attempted a fraud. Having bought up some adverse claims to property of which the plaintiffs were in possession, he seeks to deprive plaintiffs of their attitude of defense, and force upon them the aggressive, by tampering with the tenants and getting a colorable attornment. Fraud runs through the whole transaction. It is the ruse or contrivance which is referred to in *Dyer v. Krackauer*, 14 Mo. App. 39, which attempts to change "the relation between contending parties so that the right or title to sue in ejectment shall be shifted." If the defendant's position was allowed to be maintained there would be nothing to prevent an unscrupulous person from taking any property by bribing the tenants to attorn. If information, therefore, comes to one that any property is defective in title, he could, by collusion with the tenants, obtain a foot-hold which he could not be deprived of. It was this very thing that the law proposed to obviate and prevent by the statute against fraudulent attornment.

*Joseph S. Laurie*, for the respondent.

In order to maintain the action it was necessary that plaintiff should show that at the institution of the suit he was in actual possession of the premises. This was the only issue presented by the pleadings. The court by its judgment that plaintiffs take nothing in the suit against Brockmeyer necessarily found and determined that the relation of landlord and tenant had ceased to exist between the parties, and that consequently plaintiffs were no longer in possession through the tenants. If this court sustains said judgment an affirmance of this case follows as a natural consequence. In *Dyer v. Baumeister*, 87 Mo. 134, the court says: "The design of the statute was to enable a party in

actual possession of land, claiming it as his own, to compel a party out of possession, who also claimed to be the owner, to bring ejectment to settle the question between them. As is well said in case of *Dyer v. Krackauer*, 14 Mo. App. 39, " it should always be borne in mind that the statutory proceeding to quiet title was never intended as a substitute for the action of ejectment. It assumes that the complainant cannot ·maintain ejectment because he already enjoys an exclusive and undisturbed possession. If, therefore, so far as the claim of possession or the want of it ·is concerned, he might maintain ejectment against an adverse claimant, the statutory proceeding is not for him." See also, *Webb v. Donaldson*, 60 Mo. 394 ; *Babe v. Phelps*, 65 Mo. 27 ; *Murphy v. DeFrance*, 23 Mo. App. 337.

ROMBAUER, P. J., delivered the opinion of the court.

This action is a statutory proceeding to quiet title. R. S., sec. 3562. The case was tried by the court on the same evidence as the one of the same plaintiffs against Brockmeyer, decided at the present term ( *ante*, p. 92 ). No instructions were asked or given, but judgment rendered in favor of defendant Clark on the evidence. The only question of law raised on the record before us is, whether the evidence required the trial court to find, as a matter of law, that the plaintiffs were in actual possession of the property, since it is conceded that such possession is necessary to maintain this action. *Von Phul v. Penn*, 31 Mo. 335 ; *Dyer v. Baumeister*, 87 Mo. 134.

As we have already decided in the Brockmeyer case that the finding of the court that plaintiffs were not in possession of the property, either in person or by tenant, was not erroneous, it results that the judgment in this case, based upon that fact, must likewise be affirmed. All the judges concurring, it is affirmed.