Swayze v. Bride.

N. J. SWAYZE *et al.*, Respondents, v. SIDNEY U. BRIDE, Appellant.

**Kansas City Court of Appeals, March 4, 1889.**

1. **Appellate Practice:** FINDING OF FACTS IN THE TRIAL COURT ASSUMED CORRECT IN THE APPELLATE COURT. Where the trial court is intrusted with both facts and law, this court must assume the facts to be as that court found them and has only the power to review the law declared by such court.

2. **Quieting Title:** POSSESSION, INSTRUCTIONS AS TO. In an action to quiet title, the refusal of an instruction, requiring plaintiff to show a *bona-fide*, actual, open and visible possession with sufficient visible and durable structures to import notice of their intention, and not merely a nominal temporary occupancy for the purpose of suit, is error and works a reversal of the judgment.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED AND REMANDED.

*A. H. Hoge,* for the appellant.

(1) In order to maintain an action to quiet title under the statute the plaintiff must be in the actual possession of the real estate at the time of commencing his action. A constructive possession, or such a possession as the law imputes to ownership, is not sufficient. *Campbell v. Allen,* 61 Mo. 581 ; *Byne v. Hinds,* 16 Minn. 521 ; *Kincaid v. Logue,* 7 Mo. 167 ; *Packwood v. Thorp,* 8 Mo. 637 ; *Bowman v. Lee,* 48 Mo. 335 ; *Dalby v. Snuffer,* 57 Mo. 294 ; *Musick v. Barney,* 49 Mo. 458, 463–4 ; *Jackson v. Woodruff,* 1 Cowan 276 ; 13 Am. Dec. 525 ; *Lawrence v. Fulton,* 19 Cal. 690 ; *Goeway v. Urig,* 18 Ill. 241 ; 10 Am. Dec. 609, note 611 ; *Dyer v. Krackauer,* 14 Mo. App. 39. (2) In a suit to quiet title

the possession of plaintiff is insufficient where it is merely nominal and obtained by an act of trespass for the sole purpose of instituting the proceeding, so as to shift the burden of establishing the title on the defendant. *Dyer v. Reitz*, 14 Mo. App. 45; *Dyer v. Baumeister*, 87 Mo. 134; *Same case*, 14 Mo. App. 575. (3) In the trial of an action to quiet title, all evidence tending or intending to prove ownership in either party, should be excluded by the court; the title to the land cannot be put in issue, and possession cannot be shown and must not be inferred by the proof of ownership. *Dyer v. Baumeister*, 87 Mo. 134; *Dyer v. Krackauer*, 14 Mo. App. 39.

*Sherry & Hughes*, for the respondents.

(1) The deed was properly admitted in evidence; not to show the possession, but to show that plaintiffs were claiming an estate of freehold, to give color to the claim of title, and to show what kind of an estate they were claiming. *Moore v. Mountcastle*, 72 Mo. 605; *McDonald v. Matney*, 82 Mo. 358. (2) When the cause was tried by the court without a jury, this court will not review the finding of court below on the facts. *Fulkerson v. Mitchell*, 82 Mo. 14; *Gaines v. Fender*, 82 Mo. 497; *Aveny v. Fitzgerald*, 94 Mo. 207; *Mfg. Co. v. Bank*, 14 Mo. App. 576; *Miller v. Breneke*, 82 Mo. 163; 7 Mo. 236 and 438; *Russell v. Berkstresser*, 77 Mo. 417; *Hamilton v. Berry*, 74 Mo. 176; *Snyder v. Burnham*, 77 Mo. 52, 417, 554; *Huckshorn v. Hartwig*, 81 Mo. 648; *Norton v. City of Moberly*, 18 Mo. App. 457; *Hamilton v. Boggess*, 63 Mo. 234. (3) The appellate court will not reverse, for refusal to give an instruction, when there is no evidence on which to base it. *Carlisle v. Pk. Co.*, 82 Mo. 40. (4) In law cases, when case is tried by the court without a jury, the appellate court will not reverse the cause for refusal of court to give a correct instruction, unless such refusal shows a wrong application of the law to the case. *Hiene v. Morrison*, 13 Mo.

App. 577. (5) Errors not prejudicial to appellant are no ground for reversal. *Holladay v. Langford,* 2 Mo. App. 549 ; *Ghio v. Beard,* 2 Mo. App. 21 ; *State v. Kelso,* 2 Mo. App. 91 ; *Heiman v. Fisher,* 2 Mo. App. 275 ; *Rosenblatt v. Still,* 2 Mo. App. 283 ; *Haskinson v. Adkins,* 77 Mo. 537. (6) When the judgment is manifestly for the right party the judgment will not be reversed. *Deal v. Cooper,* 94 Mo. 62 ; *Thompson v. Foerstel,* 10 Mo. App. 290 ; *Muench v. Bank,* 11 Mo. App. 144 ; *Nelson v. Foster,* 66 Mo. 381 ; *Moore v. Mountcastle,* 72 Mo. 605 ; *Wright v. City of Kansas,* 18 Mo. App. 436 ; *Tyler v. Larimore,* 19 Mo. App. 458 and on rehearing 460. (7) The possession necessary to maintain this action is actual possession, as contradistinguished from mere constructive possession. *Von Phul v. Penn,* 31 Mo. 333 ; *Rutherford v. Ullman,* 42 Mo. 216 ; *Campbell v Allen,* 61 Mo. 581.

SMITH, P. J.—This a proceeding to quiet title under section 2562, of the Revised Statutes.

This case was tried before the court, a jury having been dispensed with.

The court found that the plaintiffs were in the possession of the land described in their petition, claiming an estate of freehold therein and that the defendant claimed to have some interest therein adverse to the rights of the plaintiffs.

As to the questions of possession, the facts were passed upon by the court and they are therefore incontrovertable here. This court has only the power to review the law declared by the circuit court and as that court was intrusted with both facts and law we must assume the facts to be as that court found them. *Gaines v. Fender,* 82 Mo. 509 ; *Hamilton v. Boggess,* 63 Mo. 233.

At the trial the defendant asked and the court refused this instruction, to-wit: "For the purposes of this case the court declares the law to be as follows:

That in order to recover, plaintiffs must show their possession to be in good faith and not merely nominal or temporary and for the mere purpose of prosecuting this suit."

"In order to recover, plaintiffs must further show that for a reasonable time prior to the filing of their petition they had been in the actual, open and visible possession of the premises in question, occupying the same by some kind of inclosure sufficiently strong, visible and durable in structure to impart notice, by its presence, of the intention of plaintiffs to exclude other persons from occupying the same."

We cannot say there was no evidence in the case upon which to base the above instruction.

We think it should have been given as it asserts correct principles of the law applicable to this case. Upon this, the authorities in this state all agree. *Rutherford v. Ullman*, 42 Mo. 216 ; *Dyer v. Baumeister*, 87 Mo. 134 ; *Von Phul v. Penn*, 31 Mo. 333 ; *Campbell v. Allen*, 61 Mo. 581 ; *Musick v. Barney*, 49 Mo. 458 ; *Lynde v. Williams*, 68 Mo. 360 ; *Dyer v. Betz*, 14 Mo. App. 45 ; *Keene v. Schneider*, 9 Mo. App. 597.

We infer from the refusal of the court to give defendant's instrustions that it must have made an erroneous application of the law to the facts of the case.

The admission of the plaintiffs' deed in evidence coupled with the court's refusal to give said instructions forces upon us the conviction that in the consideration of the evidence the court must have overlooked the distinction that should be observed in cases of this sort, between actual and constructive possession.

For these reasons we think the defendant's appeal should be sustained.

With the concurrence of Judge ELLISON, Judge GILL not sitting, the judgment of the circuit court is reversed and cause remanded.