COLLINE REAL ESTATE AND BUILDING ASSOCIATION, *Appellant*, v. JOHNSON.

Division One, February 19, 1894.

1. **Land**: QUIETING TITLE: STATUTE.   In an action under Revised Statutes, 1889, section 2092, to compel one out of possession of land to bring an action to try title, the court does not try the title but only determines whether the defendant should bring the action as demanded.

2. ——: ——: ——: EQUITABLE TITLE. Defendant may be ordered to bring his action, though his title is only an equitable one.

3. ——: ——: ——: ——. Defendant may be ordered to bring an action to determine his right under a recorded contract for the land signed by an agent whose authority is not shown on the face of the contract.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Collins & Jamison* for appellant.

(1) Plaintiff's remedy is the statutory action to quiet title. (2) Even if under the facts of this case the plaintiff might bring the suit in equity to remove a cloud from its title such remedy does not exclude the right to exercise the remedy afforded by the statute to quiet title.

*Hiram J. Grover* for respondent.

(1) "The design of the statute was to enable a party in actual possession of land, claiming it as his own, to compel a party out of possession, who also claimed to be owner, to bring ejectment to settle the question between them." *Dyer v. Baumeister*, 87 Mo. 138. (2) An executory contract can not constitute a cloud on title. *Washburn v. Burnham*, 63 N. Y. 132; *Boyd v. Schlesinger*, 59 N. Y. 301; *Leeds v. Wheeler*, 157 Mass. 67; *Nickerson v. Lund*, 115 Mass. 94. (3) The plaintiff purchased the property knowing of the registry of the instrument in the recorder's office. It did not consider the instrument as in any way affecting the title which it purchased, and there is no basis of complaint on its part now. (4) Even if the statute were broad enough to embrace both legal and equitable titles, yet

it is evidently intended to embrace only such claim as the plaintiff here can not have adjudicated in the courts.

MACFARLANE, J.—This is an action brought under section 2092, Revised Statutes, 1889, to quiet title. Plaintiff charged in its petition that it was the owner in fee of the real estate described and was in the possession thereof and that he was informed and believed that defendant made some claim thereto adverse to his estate. Defendant, in obedience to a summons to show cause why he should not bring an action to try his alleged right or title, answered, admitting that he made claim to the land described in the petition adverse to the estate claimed by the plaintiff therein.

In order to show cause, he stated in substance that his claim to the real estate consisted of a written contract of sale of the same made by William Preston Hill to one Charles Hewitt, which had been duly assigned to him. "That by said contract said Hill agreed to convey to said Hewitt said property for the price and sum of $35,000, and that upon said contract, as earnest money, said Hewitt paid to said Hill, and said Hill received the sum of $250; that after due demand for said conveyance and an offer upon the part of defendant, to whom said contract had been assigned, to pay said Hill said sum of $35,000, said Hill without cause refused to make such conveyance; that under said contract no title or right became vested in either said Hewitt or defendant, upon which either of them could maintain an action of ejectment or other action in which a question of title to said property could be tried; that the only action which accrued to defendant under said contract was an action either for damages or an action in equity for specific performance, neither of which this court is authorized to compel defendant to bring."

It was further charged that plaintiff held his title

and possession under a deed made by Hill subsequent to the contract and with knowledge of it. Plaintiff replied to the answer by general denial.

On the trial of the issues made by the pleadings, it was shown that plaintiff was in possession of the premises under a deed from Hill dated January 2, 1889, and recorded November 25, 1889. It was also shown that the contract under which defendant claimed was dated March 16, 1889, and was signed by William T. Gay as agent for Charles Preston Hill. No written authority to make the sale was shown to have been given Gay by Hill. The contract was recorded. Upon the pleadings and evidence the court dismissed the petition, without making any order on defendant respecting the bringing and prosecution of an action to try its title, and plaintiff appealed.

I. It does not appear upon what ground the court declined to make an order requiring defendant to bring an action to try his alleged title. It may be said, in a general way, that this statutory proceeding is not, in the first instance, designed to try and determine the rights or title of the parties to the land, but to be preliminary to an action thereafter to be brought by the adverse claimant for that purpose. The court should therefore have confined its inquiries, in this proceeding, to the questions whether plaintiff was in possession of the property, claiming an estate of freehold, or an unexpired term of not less than ten years, and whether the defendant made some claim to the same premises adverse to that of plaintiff. R. S. 1889, sec. 2092; *Dyer v. Baumeister*, 87 Mo. 137. If these conditions were found to exist, and defendant showed no sufficient cause why he should not bring an action to test his claim, the order should have been made. The validity of the claim was not in issue.

II. Plaintiff showed himself entitled to maintain

the proceeding, and defendant admitted that he made adverse claim of title to the property, but undertook to show cause why he should not be required to bring an action to try the validity of the claim. The first cause assigned was that his claim, under the contract, was equitable, and that the statute contemplated that the adverse claim, upon which suit could be required, should be to the legal title upon which an action of ejectment could be maintained.

We think the construction of the statute insisted upon too narrow and limited. The statute gives the claimant in possession the right to have an adverse claim settled and to require the adverse claimant "to bring suit to try the alleged title." If, upon the trial of the suit thereafter brought, in pursuance of an order of the court, "*the court before whom the same is tried be of the opinion that such person has no valid right in law or equity*, it shall enter a judgment that he be forever debarred and estopped from having or claiming any right or title adverse to the petitioner and those claiming by or through him." Thus it clearly appears that a suit may be required upon a claim to an equitable, as well as a legal, title; the only question, under either claim, being whether the defendant has a subsisting right of action by which he can have his right adjudicated.

Our attention is called to the opinions in the cases of *Webb v. Donaldson*, 60 Mo. 396, and *Dyer v. Baumeister, supra*, in which expressions are used which are inconsistent with the foregoing conclusions. In those cases it was said, in substance, though not necessary to a decision, that "the design of the statute was to enable a party in actual possession of land, claiming it as his own, to compel a party out of possession, who also claimed to be owner, to bring ejectment to settle the question between them." It will be observed that the former of these decisions was upon the statute as it

existed under the revision of 1865, and the latter under the laws of 1879, section 3652. A comparison of these statutes with the one now in force will show that the former have been materially amended by inserting in the latter the words italicized in the foregoing quotation. We must but conclude that this amendment was made in view of the previous construction given the statute by this court.

By his answer, defendant asserted an equitable title under the contract, and such additional facts as show an existing right of action for its specific performance.

III. It is also insisted that plaintiff can not maintain this proceeding for the reason that the pleadings and evidence show that, if the contract does not create a valid claim upon the land, plaintiff has himself a right of action in equity to have it canceled, as casting a cloud upon his title.

The rule is well settled, that the exercise of the equity powers of the court can not be invoked to remove, as a cloud upon the title, a claim which shows its invalidity upon the face of the record, through which the opposite party can alone claim title. It is only in cases in which the claim is apparently valid, and its invalidity can alone be made to appear by extrinsic evidence, that a court of equity will exercise its powers to remove it. *Clark v. Ins. Co.*, 52 Mo. 272; *Fontaine v. Hudson*, 93 Mo. 66; *Beedle v. Mead*, 81 Mo. 303.

The contract under which defendant claims an equitable title to the land purports to have been made by the agent of plaintiff's grantor. Nothing on the face of the contract shows that the self-styled agent had authority to make it. The paper, standing alone, has no more validity than it had before the writing was put upon it. Before defendant could enforce a

conveyance of the land under this contract, he would be required to prove the written authority of the agent to make it. R. S. 1889, sec. 5186; *Johnson v. Hurley*, 115 Mo. 520. This proof would necessarily have to accompany and support the contract, so that its validity or invalidity would appear in proving, or attempting to prove, title under it. Whether the contract turned out to be valid or invalid, there would be no cloud upon the title.

The point was expressly decided in *Washburn v. Burnham*, 63 N. Y. 132. The *syllabus* of the opinion in that case is as follows: "An action can not be maintained to cancel, as a cloud upon title, a recorded executory contract for the sale of land, executed by one claiming to act as agent for the owner, upon the ground that the person executing it had no authority. The defect would necessarily appear in any proceeding by one claiming under the contract to enforce it, as he would be required to prove the authority of the agent."

We are of opinion that defendant failed to show cause why he should not bring an action to try his alleged title. Judgment reversed and cause remanded, with direction that the circuit court make the necessary orders respecting the bringing and prosecuting of such action as may seem equitable and just. BARCLAY, J., does not sit. The other judges concur.