# CASES DETERMINED

BY THE

# ST. LOUIS AND THE KANSAS CITY
# COURTS OF APPEALS.

## MARCH TERM, 1894.

JOHN McGRATH, Appellant, v. J. A. MITCHELL *et al.*, Respondents.

St. Louis Court of Appeals, March 5, 1894.

1. **Statutory Action to Quiet Title**: SUFFICIENCY OF DEFENSE. It is a sufficient defense to a statutory action to quiet title, that the defendant had, prior to the institution of the action, sued the plaintiff for the property in ejectment and had subsequently recovered judgment for possession.

2. ———: PRACTICE, APPELLATE: REVIEW OF FACTS. *Semble,* that all actions triable by the court without the intervention of the jury, of which a statutory proceeding to quiet title is one, are reviewable on appeal upon the weight of the evidence.

3. ———: REQUISITE POSSESSION ON PART OF PLAINTIFF. A plaintiff can not maintain a statutory action to quiet the title to land, when he was not in the possession of the land either by actual occupancy, or by color of title and constructive possession, at the time of the institution of the proceeding.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Haseltine Bros.* and *James Baker* for appellant.

*Thomas & Hackney* for respondents.

ROMBAUER, P. J.—The plaintiff, claiming to be the owner in fee and in possession of forty acres of land, brought suit against the defendants under section 2092 of the Revised Statutes of 1889 to quiet his title. It

(626)

was charged that the defendants made some claim adverse to the estate of the petitioner. The defendants denied that the plaintiff was the owner of the land, and they averred that, at the time the action was begun, he was in possession of only ten acres of the tract situated in the northeast corner. As a reason why the defendant should not be compelled to institute an action of ejectment for the ten acre tract, it was alleged that, previous to the institution of the present proceeding, they had instituted a suit in ejectment against the plaintiff for that portion of the land, which action had subsequently been prosecuted to a judgment in their favor, and that they had been put in possession thereof under a writ of restitution. As to the remainder of the land, the defendants denied that the plaintiff had any title, or was in possession thereof at the time he instituted his action. There was a judgment for the defendants, and the plaintiff has appealed.

The plaintiff complains of the erroneous admission of the ejectment record against him, and also complains that upon the whole evidence the judgment is erroneous.

Touching the first complaint, it will suffice to say that the object of the statute is not one to try title, but to compel the bringing of an action for that purpose. *Von Phul v. Penn*, 31 Mo. 333. When, therefore, the defendants in their answer stated that, as to the ten acres, they had heretofore brought an action of ejectment and recovered judgment therein, they showed good cause why they should not *again* be required to bring such an action. The record showing these facts was therefore both competent and relevant evidence, and its admission was proper. As to that portion of the land, the judgment is fully sustained by the evidence.

As to the character of his title to the thirty acres,

the plaintiff's testimony on cross-examination was to the following effect: "*Q.* You first went in there under a man named Jack Smith did you? *A.* I bought Jack Smith out. *Q.* You bought a shaft he had sunk there? *A.* I bought what improvements he had on the place; more than that he said: 'Jack, the land is yours.' *Q.* Isn't it a fact that Jack Smith had a prospect down there, a shaft about thirty-five or forty feet deep, and you only paid him for the prospect $30? *A.* Yes, I did; I was the only man in possession of the land at that time, and I got in possession through Johnson, and Johnson was on Shoal creek and vacated the land. *Q.* Johnson was the owner of the land? *A.* No, he wasn't." The plaintiff's deposition taken in this suit was offered in evidence by the defendants. In that deposition the plaintiff had testified, among other things: "*Q.* What is your claim of the land in controversy? *A.* I bought possession of it in 1872, and paid my money for it, I bought it from Jack Smith. *Q.* How much did you pay for it? *A.* I think, $25 or $30. *Q.* What all did he sell to you? *A.* He sold me a prospect shaft on the land between thirty-five or forty feet deep. That was all he had to sell. *Q.* Did he claim anything but the shaft? *A.* He claimed four hundred feet of the bottom, and that was what he sold me, to the best of my knowledge. *Q.* That was all you bought of him? *A.* That all I recollect now. *Q.* What part of the land was this shaft on? *A.* About four hundred or six hundred feet north of the center of the south line of the forty. *Q.* Did you get any deed or instrument of writing at the time? *A.* No sir; but I could have gotten an instrument of writing at that time."

There was evidence adduced by the plaintiff tending to show that he set up a claim to the entire forty acres; that the ground was rocky and sterile, and

unfit for other uses than mining; that he sunk a number of shafts on other parts of the land, and ordered parties off who were mining on it, asserting title to the entire forty. On the other hand, there was evidence tending to show that mining was done on the same forty acres by other persons at the same time while plaintiff was mining on them; that such persons mined under claims hostile to the plaintiff; that the plaintiff's mining was not continuous, periods of many years intervening between different periods of possession; and that the possession of the various fractions of the forty acres by the plaintiff and these different persons was of a character known in the law as a scrambling possession.

The cause was tried by the plaintiff as an action at law under rules applicable to jury trials. He asked a number of instructions which the court refused. The defendants now contend that the plaintiff is concluded by the finding of the trial court as to the character and extent of his possession, because the evidence touching these questions was conflicting and the finding of the trial court was adverse to the plaintiff. *Swayze v. Bride*, 34 Mo. App. 414.

We are inclined to hold that all actions triable by the court without the intervention of a jury (of which this is unquestionably one) are reviewable on appeal upon the weight of the evidence, but we think that the finding of the trial court is correct.

The plaintiff himself admits that he never had any paper title of any kind to the premises or any part thereof. The supreme court in *Allen v. Mansfield*, 108 Mo. 343, upon a full review of authorities in this state, has decided that claim of title does not amount to color of title. Hence, the plaintiff had no color of title to any part of the premises, and could be held to be in possession of such parts only as at the date of the institution of his suit were in his actual occupancy.

What, if any, part of the premises were thus held by him does not distinctly appear by the evidence; they are nowhere described by metes and bounds.. The court could, therefore, have made no order requiring the defendant to bring an action to try the title to certain fixed parts of the premises, nor could it have made an order requiring the defendants to bring an action for the entire thirty acres, as the plaintiff did not show in himself possession of the entire tract either by actual occupancy, or color of title and constructive possession.

The judgment is affirmed.    All the judges concur.