58   477
133m269

E. S. ROOT *et al.*, Appellants, v. W. O. MEAD *et al.*, Respondents.

St. Louis Court of Appeals, May 15, 1894.

1. **Statutory Action to Quiet Title:** PLAINTIFF'S POSSESSION. The possession of land by the plaintiff through an agent is a sufficient possession for the purposes of an action to quiet title under the statute.

2. ————: ACTION BY NONRESIDENT. A nonresident of the state may maintain this action. But *held*, in the course of discussion, that the court may subject him to terms, and may require him to enter his voluntary appearance to an action for the assertion of title by the defendant.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*White & McCammon* for appellants.

(1) Land fenced by plaintiff by his agents is in actual possession which is sufficient. *Campbell v. Allen*, 61 Mo. 581. Actual possession, as a legal phrase, is put in opposition to the other phrase, possession in law, or constructive possession. Actual possession is that which is accompanied with the real and effectual enjoyment of an estate with the reception of its fruits. It is actual where one, having the title, is in possession of lands by his tenant, agent or servant. 1 Am. and Eng. Encyclopedia of Law, p. 184 *g*, *h*; *Fleming v. Maddox*, 30 Iowa, 240; *Langworthy v. Myers*, 4 Iowa, 22; *Church-*

*ill v. Underdonk,* 59 N. Y. 134; *Sunol v. Hepburn,* 1 Cal. 263; *Mintern v. Burr,* 16 Cal. 107; *Coryell v. Cain,* 16 Cal. 567; *Staminger v. Andrews,* 4 Nev. 59; *Thomas v. White,* 2 O. S. 547; *Rutherford v. Ullman,* 42 Mo. 216. (2) The section of the statute, under which the action is brought, makes no discrimination in terms against nonresidents, and of course it will not be construed in such a way as to violate the section of the constitution, which provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states and which includes the right to bring such suits as a citizen may bring. Reno on Nonresidents, section 40.

*Wm. O. Mead* and *T. L. Loy* for respondents.

Rombauer, P. J.—This is a statutory proceeding to quiet title. The petition makes the necessary statutory averments, and the answer admits that the defendants claim title to part of the premises, provided they lie in the west half of the southeast quarter of section 14, township 29, range 32. The answer denies other allegations of the petition.

On the trial the plaintiffs gave evidence of a title in fee to the premises in themselves, and also evidence tending to show that they were in actual possession of them by their real estate agents, who claimed no interest in the premises. It also appeared that the plaintiffs were nonresidents of the state.

The court thereupon on its own motion declared the law to be as follows: "Possession of a nonresident by an agent, as the evidence in this case tends to show, is not such possession as is contemplated by law for quieting of titles under section 2092 of Revised Statutes 1889."

This position is untenable. Possession of the

land by the plaintiff's agent was the plaintiff's actual possession. *Rutherford v. Ullman*, 42 Mo. 216. There is nothing in the statute which confines the remedy to residents of the state, nor could such a discrimination be upheld. Reno on Nonresidents, section 40. The law makes ample provision for actions of ejectment against nonresident defendants. Revised Statutes, 1889, section 2022. Besides the statute, section 2093, Revised Statutes, 1889, expressly provides that, when the defendant does claim title, the court shall make such judgment or order respecting the bringing and prosecuting of such actions *as may seem equitable and just.* Hence the court has full power, if it deems it just and equitable, to make a conditional order requiring the defendants to bring an action, and requiring the plaintiffs to enter their personal appearance therein so as to save the cost of publication.

The judgment is reversed and the cause remanded. All the judges concur.