Webb v. Donaldson, et al.

JAMES W. WEBB, Respondent, *vs.* WM. A. DONALDSON AND JAMES L. FARRIS, Appellants.

1. *Quieting titles—Statute as to, does not contemplate future interests.*—Under the statute touching the quieting of titles· (Wagn. Stat., 1022, §§ 53, 54), plaintiff cannot compel defendant to litigate his claim to a future interest in an estate, which does not conflict with the possession or right of possession of plaintiff.

## *Appeal from Ray Common Pleas.*

### *D. P. Whitner*, for Appellants.

I. The law contemplates a case where defendants have an immediate right of action at law in ejectment. (Wagn. Stat., 1022, § 53; Von Phul vs. Penn, 31 Mo., 333; 31 Mo., 312; Rutherford vs. Ullman, 42 Mo., 216; 42 Mo., 218.)

II. There can be no just or equitable reason for compel ling defendants to bring an action to try the title when the petitioner can just as well sue as the defendant. (Von Phul vs. Penn, *supra;* Beal vs. Harmon, 38 Mo., 435.) And from the pleadings in this case, it is apparent that the defendants cannot now bring an action at law to try the title. (Benoist vs. Murrin, 47 Mo., 537.)

### *Dunn & Shotwell*, for Respondent.

I. This being an action under the statute, to quiet titles, it is no reason or excuse for not bringing it, to say that the defendants had no right of possession.

The right of possession may be in one person, and the right of property in another at the same time; but two persons cannot have the title to the same piece of land at the same time.

II. The action of ejectment being a possessory action may or may not settle the title. Had the action of ejectment only been contemplated, the statute would have so said.

III. The legislature intended by the act to give a party a sure and speedy way of ascertaining whether another person was the owner of the land he thought his property, and not to keep him in suspense for an indefinite number of years, until the claim was barred by limitation. And to maintain this

action, it is only necessary that plaintiff be in possession, claiming an estate of freehold, or for not less than ten years, and that defendants claim title to the same premises; unless they show some equitable and just reason why they should not try their title. (See Rutherford vs. Ullman, 42 Mo., 213.)

NAPTON, Judge, delivered the opinion of the court.

This action was brought under sections 53 and 54 of article 5, of the Practice Act. (Wagn. Stat., 1022.)

The plaintiff claims, in his petition, to be the owner in fee of the N. E. qr. of S. W. qr. of S. 16, T. 52, R. 28, and to be in possession of the same; and he avers that defendants claim adversely, and prays that defendants may be summoned and ordered to institute a suit to try the alleged title.

The defendants admit the possession of plaintiff. They, however, set up that one Hodges was, in 1842, the owner; that Hodges made a will, by which he devised to his wife, Olivia, "his entire estate, real and personal, to do with, manage and control, during her natural life, and for the use and benefit of raising and schooling his four children;" to be equally distributed among his four children after her death; that said will, after the death of said Hodges was duly probated on February 7th, 1848; that, subsequently, in February, 1873, the will was again proved before the Common Pleas Court of Ray county, a court then invested by law with probate jurisdiction.

It is further stated in the answer, that prior to the death of Hodges, two of his children, named in his will, died intestate, under age and unmarried; that after his death a third child died unmarried, leaving his mother and brother surviving, his only heirs; and, consequently, that the surviving son was, under the will, and by virtue of the death of his brother, the owner of three-fourths of the estate, subject, however, to the life estate of the widow.

The defendants then aver that they are informed that the interest claimed by plaintiff, is the said life estate of the

widow of said Hodges, or whatever interest they may have acquired from her.

The defendants aver that they own the interest of the surviving son, under the will and derived from his brother; but that it is subject to the life estate of the widow, who is still living and they therefore can bring no legal action to recover possession.

The case was tried on these pleadings, no evidence being offered by either party, and the court entered judgment for plaintiff, requiring the defendants to bring an action to try the title without unnecessary delay.

Various instructions were asked and those for the plaintiff were given, and those asked by the defendants were refused.

Motions for a new trial and in arrest were also made and overruled, and exceptions duly taken to all the rulings of the court.

It is unnecessary to set out the instructions or the motions, as it is obvious that the merits of the case depend entirely on a single question presented by defendants' plea. The defendants assume that by a proper construction of Hodges' will, his widow was only entitled to a life estate, and, consequently, upon the termination of this life estate, the surviving son of the deceased father was, by virtue of the will and by reason of the death of his brother, the owner in fee of three-fourths of the estate; but that the widow, who is asserted to be still living, or her grantee, the plaintiff, is entitled to the possession during the life of said widow.

What action, then, were the defendants to bring? It is clear that they cannot maintain ejectment, as they do not claim any right to the present possession.

If there be any form of proceeding to settle the construction of the will and determine who has the fee simple, after the termination of the life estate, the plaintiff can as well maintain such suit as the defendants.

The object of this action is to enable a person in possession and who therefore can bring no possessory action, to compel an adverse claimant to bring his ejectment, and so have the

title settled. But where the adverse claim is simply of a remainder, and does not conflict with the possession or right of possession of the plaintiff, and the defendant can bring no action at law to settle the title, the case is not within the provisions of the statute.

It may be convenient to the plaintiff to ascertain the quantity of his estate, whether for life, or years, or in fee ; but these sections of the practice act were not designed to remove such inconveniences, and the parties are left to pursue such remedies as the law already afforded.

The defendants claim no present interest in the property adverse to the plaintiff, and if it is desirable to ascertain who has the future interest, dependent on the life estate, it is just as much in the power of the plaintiff to bring a suit to try such question as it is in the power of the defendants.

The judgment is reversed ; the other judges concur.