Northcutt v. Eager.

NANNIE J. NORTHCUTT, Defendant in Error, v. WILLIAM P. EAGER *et al.*, Plaintiffs in Error.

Kansas City Court of Appeals, November 14, 1892.

Quieting Title: WHEN NO ACTION BROUGHT. Where, in an action to quiet title, the defendants admit plaintiff's right to the possession, and disclaim any right to disturb her possession, but claim the reversion after plaintiff's death, it is error to order them to bring an action to try the title.

Northcutt v. Eager.

*Appeal from the Boone Circuit Court.*—Hon. John A. Hockaday, Judge.

Reversed.

*Draffen & Williams*, for plaintiffs in error.

(1) The court below erred in rendering judgment upon the pleadings, requiring defendants to institute an action to try the title to the land in controversy. *Webb v. Donaldson*, 60 Mo. 394; *Dyer v. Baumeister*, 87 Mo. 134; *Burt v. Warren*, 30 Mo. App. 332; *Bredell v. Alexander*, 8 Mo. App. 110–7; *Van Phul v. Penn*, 31 Mo. 333; *Dyer v. Krackauer*, 14 Mo. App. 39. (2) The error complained of appears upon the record proper. The pleadings did not authorize the judgment rendered by the court below. The finding, upon the claim of title set up in the answer, should have been for the defendants. This court will review such errors, whether exceptions are saved or not. *McIntire v. McIntire*, 80 Mo. 470; *Bagby v. Emmerson*, 79 Mo. 139; *Miller v. Davis*, 50 Mo. 572. (3) The judgment rendered was final, so far as this case is concerned, and can properly be reviewed upon appeal or writ of error. *Bredell v. Alexander*, 8 Mo. App. 110; *Webb v. Donaldson*, 60 Mo. 394. (4) "This proceeding is not one for the purpose of settling the title to the premises in the first instance, but is only preliminary to an action which the defendant or adverse claimant may be ordered to bring for that purpose, and the order of the court, after appearance, is not respecting the title, but bringing the action." Hence, the case is within the appellate jurisdiction of this court. *Deware v. Wyatt*, 50 Mo. 236; *Von Phul v. Penn*, 31 Mo. 333.

*Odon Guitar* and *C. H. & W. Gordon*, for defendant in error.

(1) A reference to the decisions of the state courts, where statutes of like character have been adopted, will develop the same result. By a line of able and consistent decisions, they maintain the "enlarged jurisdiction" we contend for, "that a party in the lawful and actual possession of land, claiming title thereto, has the right to have any adverse claim or title, set up by another, tried and determined; and that courts of equity, under their enlarged jurisdiction conferred by statutes like ours, have the power to try and determine the issue thus presented between the claimants. *Rhea v. Dick*, 34 Ohio St. 420; *Bogert v. City of Elizabeth*, 27 N. J. Eq. 568; *Nixon v. Walter*, 41 N. J. Eq. 103; *Curtis v. Sutter*, 15 Cal. 260; *Head v. Fordyce*, 17 Cal. 151; *Joyce v. McAvoy*, 31 Cal. 287; *People v. Center*, 66 Cal. 551; *Horn v. Jones*, 28 Cal. 196; *Goldberg v. Taylor*, 2 Utah, 486; *Giltelman v. Lemert*, 13 Kan. 358; *Giles v. Ortman*, 11 Kan. 55; *Brennan v. Bigelow*, 8 Kan. 496; *Eaton v. Giles*, 5 Kan. 28; *Lewis v. Soule*, 52 Iowa, 11; *Lees v. Whetmore*, 58 Iowa, 170. A contrast of our statute with those expounded in the cases cited will show that it is broader in its scope and more comprehensive in its terms than any referred to, with one or two exceptions. Revised Statutes, 1889, secs. 1293, 2092. (2) The plaintiffs in error rest their defense and claim to "a reversal" solely upon the decisions of our own courts, which are "conflicting" and out of line with the decisions of other states having similar statutes, many of them adopted and construed long before ours had any existence. It is most significant and worthy of observation that, in the several decisions of our courts, construing and applying our statute, not a single foreign case is referred to

wherein the "scope and design of the statute was the point at issue." In construing legislative enactments of foreign countries or other states, it is the well-settled practice of all courts to adopt the interpretation of the law which the highest judicial tribunal of such state or foreign country have given to it. *Skouten v. Wood*, 57 Mo. 380.

ELLISON, J.—The plaintiff filed her petition in the circuit court of Boone county, at the February term thereof, 1892, alleging that she was in possession of a certain tract of land therein described, and was the owner of an estate of inheritance in said lands; that she was credibly informed and believed that the defendants made some claim thereto adverse to the petitioner, and praying that they be summoned to show cause why they should not bring an action to try their alleged title, if any.

Upon the filing of the petition, the court made an order requiring the defendants to appear at the next term to show cause why they should not bring an action to try their alleged title, etc. This order was duly served upon the defendants. At the June term they appeared and filed their answer, admitting that plaintiff was in possession of the land, but denying that she was the owner of an estate of inheritance therein. The answer then states that the plaintiff has an estate for and during her natural life only, and that she is entitled to the possession thereof as such life-tenant; that the defendants are the owners of and claim an interest in said land, subject to the plaintiff's life-estate therein. The answer further states that the defendants do not assert or claim any present right to the possession to the land, but that their claim of title is to the remainder after the expiration of plaintiff's life-estate; that the plaintiff has done nothing to interfere with the

rights of these defendants in and to said lands, and she is now entitled to the possession thereof, but that the defendants set up and claim an interest in said land subject to plaintiff's life-estate. Defendants further say that they should not be required to bring an action against the plaintiff, and ask to be discharged with costs.

The case was submitted to the court upon the pleadings, and judgment was entered for defendants. The plaintiff afterwards filed a motion for a new trial, which was sustained. The cause was then again submitted to the court upon the petition and answer, and the court rendered a decree requiring the defendants to bring an action to try their title within sixty days after the term. The defendants have sued out a writ of error and brought the case to this court. The last judgment of the trial court requiring defendants to bring an action to try title under the state of case disclosed by the answer was wrong, as is determined in *Webb v. Donaldson*, 60 Mo. 394.

The judgment will be reversed. All concur.