CONDE L. BENOIST, Respondent, *v.* JAMES MURRIN *et al.*,
Appellants.

1. *Lands and land titles — Quieting of titles, action for — Dower, unassigned — Adverse claim — Limitation, act of.* — An unassigned dower interest in land is neither a title nor an estate in the scientific sense of those terms, but it is an adverse "claim" which the holder may be called upon to defend under the statute relating to the quieting of titles (Wagn. Stat. 1022, § 53.) And a judgment in such a proceeding would bar the right of dower. And suit to compel the claimant of a dower interest to come in and defend her rights is proper, notwithstanding that it might restrict the time otherwise given her, under the statute of limitations, within which to test her claim of dower.

*Appeal from St. Louis Circuit Court.*

*Casselberry*, for appellants.

The wife, before assignment of dower, has no right in her husband's land. Her right, until dower is assigned, is a mere chose in action, and therefore not such an estate in land as is contemplated by the statute for quieting titles. (McClannahan v. Porter, 10 Mo. 751; 4 Kent's Com. 61–2; Johnson v. Shields, 32 Me. 424; 1 Washb. Real Prop. 251–3.) Until dower is assigned the widow has no right of entry (1 Washb. Real Prop. 253), and therefore has no such right as will enable her to maintain ejectment or partition. (Pringle v. Grew, 5 Serg. & R. 536; Doe v. Nutt, 2 Car. & P. 430; Bradshaw v. Callaghan, 5 Johns. 80; Coles v. Coles, 15 Johns. 319.)

*Dryden & Dryden*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding under the statute (2 Wagn. Stat. 1022, § 53), instituted for the purpose of quieting the plaintiff's title. The defendants are summoned into court to show cause, if any they have, why they should not be required to bring an action to try their alleged title to the premises described in the petition.

Two of the defendants, Mr. and Mrs. Murrin, come in and show by their answer, in substance, that Mrs. Murrin was entitled to dower in said premises as the former wife and widow of the late Louis A. Benoist; that she has never either asserted or relinquished such alleged right, nor as yet made up her mind what to do in respect to it; and that she wishes to be left to the influence of "future results and events" in the determination of her action on that subject. The answer was demurred to and held insufficient. No further answer being filed, judgment was taken against the defendants by default. The defendants bring the cause here by appeal.

The judgment is sought to be reversed on various grounds, but chiefly for the reason that the dower interest set up in the answer is not, as the defendants insist, a "claim adverse" to the plain-

tiff's title, within the meaning of the statute under which this suit is prosecuted. The first question, therefore, respects the construction of the statute on that subject.

It must be admitted that the unassigned dower interest set out in the answer is neither a title nor an estate in the scientific sense of these terms. (1 Washb. 251–2). But the conflicting interest referred to in the statutes is spoken of not only as a "title," but also as a "right," a "claim," as though every right, title and claim in conflict with the petitioner's title was intended to be included, whether the right or claim amounted to a technical title or not. The language of the statute is undoubtedly broad enough to embrace the dower interest mentioned in the defendant's answer. That at least is a claim, and a claim in opposition to the title of the petitioner. All that a petitioner is required to aver on this subject in bringing his suit is that he is creditably informed and believes that the defendant makes " some claim adverse" to the petitioner's title. If it turns out that the defendant is making some claim adverse to the petitioner's, is not the petitioner's case made out in respect to this point? Then the judgment provided for, in case the defendant makes default or disobeys the order of the court, is that the defendant be "forever debarred and estopped from having or claiming any right or title adverse" to the petitioner. Certainly such a judgment would bar the right of dower.

It is quite true that an unassigned right of dower will not sustain an action of ejectment, but Mrs. Murrin may nevertheless sue for her dower. (1 Wagn. Stat. 542, § 22.) Her remedy as to her dower is present and complete. Of course, the adverse claim is to be pursued by an action appropriate to the nature of the right or claim to be asserted.

But it is suggested that Mrs. Murrin may pursue her remedy at any time within the period fixed by the statute of limitations applicable to such a case, and that a compulsory suit at this time would limit and restrict her rights under the act of limitations. That may be so. One of the objects of the statute under consideration is to hasten litigation, and thus secure the adjustment of controversies without waiting the slow movement of the statute

of limitations. If the objection under consideration is of force here, it would be of equal force in any case where a compulsory suit would proceed in advance of the running of the statute of limitations.

Again, it is objected that Mrs. Murrin, as shown by the pleadings, is now a *femme covert*, and so under disability and incapable of suing alone, and that her husband might refuse to join in the appropriate action to vindicate the rights of his wife. It will be time to consider that difficulty when it arises. This is a mere preliminary proceeding, and it is not considered necessary to anticipate a difficulty that may never arise.

The defendant Wilson was joined in the defense because of his relation to Mrs. Murrin as her trustee. He was dismissed from the suit at General Term, but neither party took exception to the order of dismissal, and the objections now urged to the action of the court on that subject will not be considered.

Judgment affirmed. The other judges concur.