55 487|<br>132m269|

ELIZA COOK *et al.*, Respondents, v. FREDERICK VON PHUL *et al.*, Defendants; FREDERICK VON PHUL, Appellant.

### St. Louis Court of Appeals, December 19, 1893.

Statutory Action to Quiet Title: WHEN IT LIES. The plaintiff in a proceeding under section 2092 of the Revised Statutes to compel the defendant to bring an action to try the title to land is entitled to the statutory relief sought, when he is in possession of the land claiming the fee, and the defendant claims an adverse and immediate interest in the property, which is capable of being at once tested by appropriate proceedings in the courts; the form of the action in which such title or adverse interest is to be asserted is not material.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Vernon W. Knapp* and *Wm. B. Thompson* for appellant.

Where the alleged adverse claim does not conflict with the possession or right of possession of the plaintiffs, and the defendant can bring no action at law to settle the title, the case is not within the provisions of the statute, unless plaintiff show that the alleged adverse claim is such as may be asserted in a court of equity entitling claimant to affirmative relief, and that plaintiff cannot as well maintain such suit as the defendant. *Webb v. Donaldson*, 60 Mo. 396; *Burt*

*v. Warren*, 30 Mo. App. 335. When the opposite party can only claim title through the record, and a defect appears upon the face of such record, there is no cloud on the title, such as will call for the exercise of the equitable powers of the court. *Clark v. Ins. Co.*, 52 Mo. 272.

*C. P. & J. D. Johnson* for respondents.

The judgment of the lower court was correct, because it appears from the pleadings and the evidence that the respondents were in possession of the premises in question, claiming an estate of freehold therein; and that the appellant claims title to the same, but does not, by answer, show cause why he should not be required to bring an action and try such title. Revised Statutes, secs. 2092, 2093; *Bredell v. Alexander*, 8 Mo. App. 117; *Burt v. Warren*, 30 Mo. App. 335; *Benoist v. Murrin*, 47 Mo. 559; *Von Phul v. Penn*, 31 Mo. 333; *Murphy v. DeFrance*, 23 Mo. 341; *De Ware v. Wyatt*, 50 Mo. 236; *Fontaine v. Hudson*, 93 Mo. 62; *Babe v. Phelps*, 65 Mo. 27; *Clark v. Ins. Co.*, 52 Mo. 273; *Mason v. Black*, 87 Mo. 344; *Beedle v. Mead*, 81 Mo. 297; *Cole v. Skrainka*, 37 Mo. App. 446; *Rutherford v. Ullman*, 42 Mo. 216.

ROMBAUER, P. J.—This is a proceeding under section 2092 of the Revised Statutes to compel the defendants to show why they should not be compelled to bring an action to try the title to a lot on the southwest corner of Ninth and Chestnut streets in the city of St. Louis. The petition contains the statutory averments of possession in the plaintiff under claim of a freehold title, and an adverse claim made by the defendants. The action was instituted against five defendants but was dismissed against two, and a default

was taken against two who did not answer.   Frederick
Von Phul is the only defendant who answered.   His
answer denied that the plaintiffs were in possession
under a claim of freehold title, and averred that the
title to the land was held by the plaintiff H. V. P. Cooke
as trustee for the devisees of Henry Von Phul, of whom
the defendant Frederick was one.   The court upon
the hearing made an order debarring the two default-
ing defendants, and ordering that the answering defend-
ant bring an action to try the title within a specified
time, or else be debarred from further claim.   From
this order the defendant Frederick alone appeals,
assigning for error that the order is not warranted by
the evidence.

Section 2093 of the Revised Statutes of 1889 pro-
vides:   "If the defendant shall appear and disclaim all
right and title adverse to the petitioner, he shall recover
his costs; *if he shall claim title, he shall by answer show
cause why he should not be required to bring an action
and try such title,* and the court shall make such judg-
ment or order respecting the bringing and prosecuting
of such action as may seem equitable and just."   As
in the present instance the defendant does claim title,
the only issue before the court was whether he had
by his answer and evidence shown sufficient cause
why he should not be required to bring an action to
try it.

Touching the common source of the title under
which the plaintiffs and defendants claim, there is no
controversy.   Both parties claim under Henry Von
Phul.   The plaintiffs gave evidence showing a con-
veyance of the lot in question by Henry Von Phul
to certain trustees with power to convey; a conveyance
by such trustees in 1872 to Maria Sophia Von Phul; a
conveyance by the latter in 1880 to William Cooke; and
a deed from William Cooke in 1883 to the plaintiffs'

trustee; also that H. V. P. Cooke, one of the plaintiffs, was the trustee of his coplaintiffs at the present time. The evidence concedes that the plaintiffs are in possession under a chain of conveyances from Henry Von Phul, the common source of title, which conveyances are regular upon their face and purport to vest in the plaintiffs a fee simple estate in the property.

For the purpose of showing a claim on the part of the defendant, the plaintiffs gave in evidence the will of Henry Von Phul, who died in 1874, making certain specific devises to his children and among them to his son, Frederick, and giving the residue of his estate to all of his children. They also gave in evidence a written declaration of trust made by William Cooke in 1880 while he held the legal title to the property, to the effect that he held the property in trust for all the devisees of Henry Von Phul. The will of Henry Von Phul was not probated until 1892, and the declaration of trust was not recorded until 1892. There was no substantial evidence that the plaintiffs were aware of this declaration of trust at the time when they acquired the property.

Under this evidence we must hold that the court did not err in making an order upon the defendant. The evidence clearly shows that the plaintiffs are in possession of the property claiming the fee, and that the defendant does claim an adverse and *immediate interest in the property, which is capable of being tested at once by appropriate proceedings in the courts,* and which is as complete now as it ever will be. We consider that to be the test entitling the plaintiff to relief by this statutory proceeding. The form of action in which such title or claim of adverse interest is to be asserted is immaterial. *Benoist v. Murrin,* 47 Mo. 537, 539; *Bredell v. Alexander,* 8 Mo. App. 117. The plaintiffs under the evidence presented have a complete record title, and are not,

therefore, under the decisions in this state, in a position to maintain an action to remove a cloud, but the defendant is, because whatever right or title he has arises from facts *dehors* the record evidence. *Mason v. Black*, 87 Mo. 329; *Fontaine v. Hudson*, 93 Mo. 62. As the defendant does by his answer assert an adverse claim to the property in himself, and fails to show good cause why he should not be required to bring an action to try it, the judgment of the court requiring him to do so was proper.

All the judges concurring, the judgment is affirmed.