CLAFLIN & THAYER, Respondents, v. BURKHART'S ADMINISTRATOR, Appellant.

Kansas City Court of Appeals, January 5, 1891.

1. **Practice, Appellate :** TRIAL BY COURT WITHOUT INSTRUCTIONS : JUDGMENT AFFIRMED. If the petition states a cause of action, and the trial is without a jury and there are no instructions, or exceptions to evidence, the judgment will be affirmed, the finding of the trial court as to the facts being incontrovertible, and no question of law arises on the record.

Claflin & Thayer v. Burkhart's Adm'r.

2. **Action:** ACCOUNT: ASSIGNEE'S ALLOWANCE. When a demand in the probate court against an estate is clearly based on an open account, the question whether the former allowance of the same account by the decedent's assignee was a judgment or not, does not arise.

*Appeal from the Jackson Circuit Court.*—HON. JAS. GIBSON, Judge.

AFFIRMED.

*Robinson, O'Grady & Harkless*, for appellant.

(1) The allowance by an assignee is a judgment, in every sense of the term final and *res judicata. Eppright v. Kaufman*, 90 Mo. 25; *Nanson v. Jacobs*, 93 Mo. 331. (2) The minute of allowance made on the back of the claim, even if proven to have been made by the assignee, which is denied, is not such a judgment of allowance or a sufficient record to warrant the court in presuming the jurisdictional facts upon which the assignee rendered it. He is presumed to have kept a record of his proceedings, and his judgment must appear of record, and must contain a recital of the performance of those acts which give the assignee jurisdiction. R. S. 1889, secs. 442, 443, 444, 445, 446, 447, 448, 449.

*Boland & Elliott* and *H. C. Sinnett*, for respondents.

(1) The question raised in appellant's brief goes only to the competency, relevancy and materiality of the evidence offered on the trial of the cause. Appellant's counsel made no objection to the introduction of any of the evidence offered, and saved no exceptions to the ruling of the court on the evidence; nor did they ask for any declarations of law. The record presents no law point for determination. The only question that could be raised on the record would be as to the sufficiency of the evidence of the respondents as compared

with the entire absence of evidence on the part of the appellant ; and appellate courts will not weigh evidence. *Clamorgan v. Railroad*, 3 Mo. App. 574 ; *Risse v. Brunelle*, 6 Mo. App. 593 ; *Bank v. Bradley*, 11 Mo. App. 599 ; *Nolan v. Brewster*, 17 Mo. App. 497 ; *Reese v. Cook*, 17 Mo. App. 512 ; *Tyler v. Larimore*, 19 Mo. App. 445 ; *Harrison v. Bartlett*, 51 Mo. 170 ; *Harrington v. Minor*, 80 Mo. 270 ; *Holmes v. Braidwood*, 82 Mo. 610 ; *DeReamer v. Express Co.*, 84 Mo. 529 ; *State v. Walker*, 98 Mo. 95.

SMITH, P. J.—This case originated in the probate court of Jackson county, from where it was removed by appeal to the circuit court. The account presented for allowance was itemized and amounted to $751.80. To it was attached the usual affidavit required in presenting demands to probate courts for allowance and classification. At the trial, which was before the court, the plaintiff read in evidence the deposition of W. A. Frost, in which it was stated that the deponent knew Burkhart, the deceased, in his lifetime; that he was in the boot and shoe business in the spring of 1885, and made an assignment to deponent, and that he, as his assignee, allowed the account presented in this case ; that before he allowed it he consulted the said Burkhart as to its correctness, and he admitted the same to be just, true and correct; that he made three several payments on the account, as allowed, amounting, in the aggregate, to about $288.30, and that the balance of the account remained unpaid. It was admitted that the account had been presented to the said assignee, and that the same had been allowed by him ; that Burkhart had died in September, 1888. There was no evidence offered by defendant. No exceptions were taken or saved to any ruling of the court in admitting or excluding evidence, nor were any instructions asked. The defendant filed a motion for a new trial on the ground that under the law and evidence the finding should have been for the

defendant. The judgment was for plaintiff, and the defendant appealed.

I. The judgment of the trial court must be affirmed. It is the well-established rule of practice in the appellate courts of the state that in an action at law, if the petition states a cause of action and there is substantial evidence to support the finding and judgment, the judgment will be affirmed when the cause is tried without a jury, and no instructions are asked, and no exceptions are taken to the admission or exclusion of evidence. *Bank v. Bradley*, 11 Mo. App. 593 ; *Tyler v. Larimore*, 19 Mo. App. 445; *Cunningham v. Snow*, 83 Mo. 587 ; *Harrington v. Minor*, 80 Mo. 270. And when a case is submitted to the court, and a jury is dispensed with, the facts upon which the court bases its judgment are incontrovertible. *Hamilton v. Boggess*, 63 Mo. 233 ; *Gaines v. Fender*, 82 Mo. 509 ; *Swayze v. Bride*, 34 Mo. App. 414.

The account which stands for the petition in this case was unexceptionable. The evidence adduced to support it seems to have been quite substantial in its character. There being no question of law arising on the action of the trial court, either in the giving or refusing of instructions, nor in the admission or exclusion of evidence, there is nothing in the record for us to review.

The question, discussed in the defendant's brief, as to whether the allowance of the assignee was a judgment, and, if so, whether properly proved or not, does not arise in this case. *First*, for the reason the demand of plaintiff is clearly based on an open account, and not on a judgment of the assignee, and, *second*, because if the question had arisen in the case in the court below it was not preserved so that it can be reviewed by us. The judgment of the circuit court will be affirmed. All concur.