CORA V. BOZARTH Respondent, v. THE LINCOLN LEGION OF HONOR, Appellant.

**Kansas City Court of Appeals, April 7, 1902.**

Appellate Practice: TRIAL BEFORE COURT: INSTRUCTIONS: WEIGHT OF EVIDENCE. Where the trial court sits as a jury and gives a general verdict, the only errors that can be reviewed on appeal are the declarations of law, and where there are no instructions the appellate court can only examine the record to determine whether there was any evidence to support the finding, but can not weigh the evidence.

Appeal from Adair Circuit Court.—*Hon. B. R. Dysart,* Special Judge.

AFFIRMED.

*P. F. Greenwood* and *Rieger & Rieger* for appellant.

(1)   The demurrer offered by defendant at the close of plaintiff's evidence should have been sustained; because plaintiff had wholly failed to prove that Charles D. Bozarth had complied with the terms of his contract with defendant.   The answer specifically denied performance, and plaintiff must prove a performance of its terms in every essential particular before a recovery can be sustained.   Marsh v. Richards, 29 Mo. 99; Eyermann v. Mt. Sinai Cemetery Association, 61 Mo. 489; Freeman v. Aylor, 62 Mo. App. 613; Billsups v. Daggs, 38 Mo. App. 367; St. Louis v. McDonald, 10 Mo. 609; Monks v. Miller, 13 Mo. App. 363; Craycroft v. Walker, 26 Mo. App. 469; Sewer Pipe Co. v. Thompson, 120 Mo. 218; Crone v. Stinde, 68 Mo. App. 122.

*O. D. Jones* and *J. M. McCall* for respondent.

(1)   The demurrer to the evidence was properly overruled.   Every fact necessary to a recovery was admitted on the pleading, and in evidence.   The answer is in fact and law a confession and avoidance.   Puhr v. Lodge, 77 Mo. App. 47; Hirsch v. Lodge, 78 Mo. App. 358.   (2)   Forfeitures are not favored and those relied on must be clearly averred and proven.   Connelly v. Society, 43 Mo. App. 283; Chadwick v. Alliance, 56 Mo. App. 463; Renn v. Lodge, 83 Mo. App. 442; Nichols v. Carter, 49 Mo. App. 401.   (3)   This is the only question on this record, in our opinion, to be determined.   No instructions are preserved in trial before the court.   Suddarth v. Robertson, 118 Mo. 293; Price v. Merritt, 55 Mo. App. 640.   This court will not weigh the finding of facts.   Nichols v. Carter, 49 Mo. App. 401.

SMITH, P. J.—Plaintiff is the widow of Charles D. Bozarth who died December 6, 1899.   He became a member of the defendant benevolent insurance society in February, 1899, and received from it a benefit certificate for one thou-

sand dollars, payable to plaintiff. Defendant denied liability and refused to pay the certificate to plaintiff, and she thereupon brought this action and recovered judgment in the trial court.

The cause was submitted to B. R. Dysart, Esq., as special judge, a jury being waived. No instructions were asked and we have therefore only to consider whether there was evidence in the case to support the finding in plaintiff's favor. Defendant's sole reliance is a forfeiture of the certificate by reason of deceased failing to pay benefit assessment No. 7 and quarterly dues.

It appears from the by-laws of the society that there is a grand lodge and subordinate lodges. Deceased was a member of what was known as the Kirksville, Adair county, lodge; but he afterwards removed to, or near, Pure Air postoffice, in the same county, where he lived throughout the month of September, 1899, when he removed to Knox county, where he died in December following, as stated. Parties becoming members of the organization become liable to certain prescribed assessments and dues which they severally agree to pay, and the success and usefulness of the society depends altogether on the members complying with this obligation to pay whenever called upon by the authority and in the manner prescribed. The by-laws regulate how this shall be done, and they prescribe the penalty of forfeiture if it is not done; and they prescribe how the forfeiture may be ascertained and declared. So, therefore, in order to sever the relationship between the member and the society, two things must transpire, viz., a default by the member; and a declaration of forfeiture properly made by the society. In this case, the controversy as to deceased's default in his obligations relates to benefit assessment No. 7, and to four quarterly dues. They are treated as separate matters by the by-laws, and so we will consider them.

It appears from a receipt, unexplained and practically

uncontradicted, so far as the abstract shows, that deceased on the twenty-sixth of June, 1899, paid all dues up to September 30, 1899. He was authorized to so pay in advance by section 132 of article 25 of the by-laws. This period covers the time in which deceased's failure is charged to have occurred, and is undoubtedly the period upon which defendant's right to declare a forfeiture for dues is based. The trial court found, as a matter of fact, by which we feel bound, that the dues had been paid, and gave judgment for plaintiff. Defendant appealed.

We can not review the evidence and undertake to say whether it justified the finding and judgment, and, as no question of law is saved, the judgment must stand. Where the court in trying issues of fact sits as a jury and gives a general verdict, the only way in which its errors can be corrected, if it decides the law wrongly or makes a misapplication of the law to the facts, is to request declarations of law in order that we may see on what theory it proceeded. To review the case would simply be giving our opinion on the weight of the evidence where no point of law was saved or raised in the trial court. This we can not do. The finding of the court is uncontrovertible here. Easley v. Elliott, 43 Mo. 289; Wilson v. Railway, 46 Mo. 36; Weilandy v. Lemuel, 47 Mo. 322; Hamilton v. Boggess, 63 Mo. 233; Henry v. Bell, 75 Mo. loc. cit. 198; Harrington v. Minor, 80 Mo. 270; Gaines v. Fender, 82 Mo. 497; Cunningham v. Snow, 82 Mo. 587; Sieferer v. St. Louis, 141 Mo. loc. cit. 595; Sutter v. Roeder, 149 Mo., loc. cit. 307-8; Swayze v. Bride, 34 Mo. App. 414; O'Howell v. Kirk, 41 Mo. App. 523; Claflin v. Burkhart's Adm'r, 43 Mo. App. 226; Morgan v. Railway, 51 Mo. App. 523.

In Hamilton v. Boggess, ante, Judge NAPTON said: "When a case is submitted to a court and a jury dispensed with, the facts upon which the court bases its judgment are incontrovertible here. This court has only the power to re-

view the law declared by the court below, and when that court is intrusted with both the facts and the law, we must assume the facts to be as that court finds them. This observation is not made because in the present case the facts in evidence did not justify the assumption of the circuit court in regard to them, for there is, in our opinion, nothing unreasonable in the deductions made by the circuit court from the evidence presented, but because we wish it to be understood that it is not *our province to determine* facts, or review the finding of juries or courts on them, except in chancery cases." And these remarks were quoted approvingly in Gaines v. Fender, ante, and in other cases.

In Sutter v. Roeder, ante, it was said: "Our jurisdiction in such cases is appellate and not original, under the Constitution, and it was not the purpose nor within the power of the Legislature to require this court to review questions of fact even when there is a special finding below." In Rice v. Arnold, 58 Mo. App. 97, and perhaps in one or two other cases, it was said by us that when a case has been tried by the court without a jury the appellate courts will not review the finding if there is substantial evidence to support it. The facts must be assumed as the court found them. The finding is conclusive in such case on the appellate court.

The St. Louis Court of Appeals in McGrath v. Mitchell, 56 Mo. App. loc. cit. 629, referred to the rule quoted by us at the beginning and followed with the observation: "We are *inclined* to hold that all actions triable by the court without the intervention of a jury are reviewable on appeal upon the weight of the evidence." But no authority was referred to, nor have we been able to find any countenancing the rule the learned court was inclined to adopt. The qualification of the rule, as stated in the last case referred to, we must think is not in harmony with the long line of cases which we have cited.

If it be the rule that the reviewing courts must assume

the facts to be as found by the trial court, and it is not their province in actions like this to determine facts or review the finding of such courts, it is quite difficult to understand how they can examine the evidence to determine whether there was any substantial evidence adduced to support the finding or the weight of the evidence without an infringement of the rule.

But if it be the rule in actions of this kind that a revisory court will examine the record to see whether or not there is any substantial evidence to support the judgment (Moore v. Farmer, 156 Mo. 33), and if it finds such evidence will affirm it, then we may say that an examination of the present record for that purpose has been made, and the conclusion reached is that there is an abundance of such evidence presented by the record; and it therefore follows that the demurrer to the evidence was properly overruled.

The judgment will accordingly be affirmed. All concur.