Rogers, Worley & Carson v. Hopper.

ROGERS, WORLEY & CARSON, Respondents, v. C. T. HOPPER et ux., Appellants.

Kansas City Court of Appeals, May 5, 1902.

1. **Appellate Practice: EVIDENCE: DECLARATIONS OF LAW.** The finding of a court trying a cause without a jury, is binding on the appellate court if there is substantial evidence to support it, and where all of appellant's instructions are given and none for the respondent, there are no questions on instructions for review.

2. **Married Women: NECESSARIES: PERSONAL JUDGMENT.** Under section 4340, Revised Statutes 1899, no personal judgment

can be rendered against the wife, although her property is made liable for necessaries; but where the action is for judgment against both husband and wife on the wife's contract, it is not under said section.

3. ———: ———: SALE TO WIFE. Where goods, not necessaries, are sold to the wife, she is liable on her contract but the husband is not.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*Webster Gordon* for appellants.

(1) This cause of action is based upon section 4340 of our statutes and seeks the relief afforded by same, and does not state any cause of action against the appellant personally. (2) Since this case was tried upon the theory that it was based on section 4340 of our statutes, that theory can not now be changed and the case reviewed in this court upon a different theory. Tomlinson v. Ellison, 104 Mo. 105; Jennings v. Dunham, 60 Mo. App. 635; Scott v. Nevada, 56 Mo. App. 189. (3) Section 4340 as amended by Session Acts of 1895, does not embrace causes of action against married women, nor authorize suits against them upon their own contracts. Latimer v. Newman, 69 Mo. App. 76; Harned v. Shores, 75 Mo. App. 500; Gabriel v. Mullen, 111 Mo. 119. (4) The instructions in this case declared the law correctly. The evidence accords with them, but the verdict and judgment of the trial court against this appellant is to the contrary and should not be permitted to stand. Hearne v. Keath, 63 Mo. 88; Harlan v. Railroad Co., 64 Mo. 484.

*N. T. Gentry* for respondents.

(1) Appellant is badly mistaken in saying that this action is based upon section 4340 of our statute. Osborne v.

Graham, 46 Mo. App. 28; Arnold v. Brokenbrough, 29 Mo. App. 637; Latimer v. Newman, 69 Mo. App. 76; Kern v. Pfaff, 44 Mo. App. 33. (2) "Married women may sue and are suable under section 6864 of the revision of 1889." Latimer v. Newman, supra; Hiltenbrandt v. Robitzsch, 62 Mo. App. 437; R. S. 1899, sec. 4335; Walker v. Railway, 68 Mo. App. 475; Bliss on Code Plead., sec. 423. (3) In speaking about a married woman, this court says: "She may sue and be sued in her own name or jointly with her husband." Jones v. Railway, 86 Mo. App. 137; R. S. 1899, sec. 4335. (4) If it can possibly be said that there is any conflict in the evidence, such conflict was settled by the trial court, whose opportunities were greater and whose acquaintance with the parties was better than those possessed by the appellate court. Smith v. McCall, 63 Mo. App. 631; Querback v. Arnold, 63 Mo. App. 637; Brown v. Mays, 80 Mo. App. 81; James v. Ins. Co., 148 Mo. 15. When the evidence is conflicting, the appellate court will not weigh the evidence; but will defer to the trial court. Burnstein v. Railway, 56 Mo. App. 45; Van-Cleve v. Casualty Co., 82 Mo. App. 668.

SMITH, P. J.—The plaintiffs, who were dry goods merchants, brought a suit before a justice of the peace against the defendants, husband and wife, on an account for $116.50 for goods sold and delivered by plaintiffs to the latter, the wife. The cause was removed into the circuit court where there was a trial before the court, a jury being dispensed with, which resulted in judgment for plaintiffs against the wife alone for one hundred and seven dollars and twenty-nine cents, and from which she appealed.

It may be here stated that the account was made out against the wife, and it appears from the evidence that the items therein were charged on the plaintiffs' books to her account and that the credit was extended to her without refer-

ence to her husband. The goods were not charged on plaintiffs' books to the husband and wife nor to the husband.

The husband resided apart from his wife on a farm while the latter, with their children, lived in the city where the plaintiffs' store was located. It was conceded on the trial that the husband had notified the plaintiff not to sell his wife or children any merchandise on his credit.

There was some substantial evidence adduced by the plaintiffs to support the general finding of the court against the wife. Where, as here, a case is tried by the court without the aid of a jury its finding is conclusive. No declarations of law were requested by the plaintiffs and all those requested by defendant were given, so that no question of law raised in the trial court was brought here for review by the appeal. The findings, under such conditions, are incontrovertible here. See Bozarth v. Lincoln Legion of Honor, 93 Mo. App. 564, where all the cases are cited, and all of which latter unanimously declare that the appellate courts can not give their opinion on the weight of the evidence in cases like this.

But the wife, the only defendant appealing here, suggests that the case was tried in the court below on the theory that the husband was liable because the goods sold the wife were necessaries and the case here must be considered alone on that theory.

It is true that in the statement, of which the account is a part, it is alleged that, "the goods sold to the wife were necessaries and were used by her for the necessary use and consumption of herself and children;" but the court, as appears from its declarations of law, found for defendant on that issue and discharged him. As the husband did not and is not complaining of this action of the court, and as the wife was not injured thereby, it is difficult to understand on what ground she can be heard to complain.

By the amendment of the Married Woman's Act in 1889,

(section 6864, Revised Statutes 1889), a married woman was enabled to contract and be contracted with, to sue and be sued as a *femme sole* without joining her husband as a party, and to enforce and have enforced against her property such judgments as may be rendered against her. While the plaintiffs sought by their action to make the husband liable for goods sold to the wife because the same was necessaries, there is nothing in the statement or elsewhere in the record that shows directly or by implication that they sought by the action to render the wife's property liable for a *debt of the husband for necessaries for the wife or family.* Sec. 4340, R. S. 1899. Under this section no personal judgment could be rendered against the wife. Latimer v. Newman, 69 Mo. App. 76. The statement shows that the action was to recover a personal judgment against both husband and wife on the contract of the wife. The action was not, therefore, brought for the relief provided in said section 4340.

The court below found that the goods, for the recovery of the price of which the suit was brought, were sold to the wife but were not necessaries for which the husband was liable, but that the wife alone was liable on her contract of purchase and suable under section 4335, Revised Statutes 1899. As disclosed by the evidence, the goods were sold to the wife on her credit and there was therefore no liability of the husband. Emery-Bird, etc. v. Coomer, 87 Mo. App. loc. cit. 407.

The demurrer to the evidence which was interposed by the defendants might with propriety have been sustained as to the husband but not as to the wife, and as the finding was for the former, neither can here complain of the action of the court in the overruling of the demurrer.

The theory of plaintiffs' statement was that the husband and wife were both liable because the goods were sold to the latter on her own credit, yet, inasmuch as they were necessaries, that the former was also liable therefor, but since such

former was not so held and the judgment was against such latter only, it becomes unnecessary to further notice the statement. If the allegations of the statement relating to the husband are eliminated, there will be left a statement amply sufficient to support the judgment.

If there were any errors committed by the court in the trial of the case they were not harmful to the wife on the merits, and therefore we are forbidden by the statute to interfere with the judgment (section 865, Revised Statutes), which accordingly must be affirmed. All concur.