## STATE OF MISSOURI, Respondent, v. COLEMAN, Appellant.

### St. Louis Court of Appeals, November 29, 1904.

APPELLATE PRACTICE: Deferring to Trial Court. When the trial court sits as a jury and gives a general verdict, the appellate court will not reverse the judgment on the ground that the verdict is against the weight of evidence, where there is substantial evidence to support the verdict.

Appeal from St. Louis Court of Criminal Correction— *Hon. H. N. Moore,* Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

STATEMENT.

Defendant was tried in the St. Louis court of criminal correction, before the judge of that court, a jury having been waived, on an information charging assault and battery. He was found guilty and filed a motion to set aside the verdict of the court, on the ground that it was against the evidence and the weight of the evidence. His motion being denied, defendant appealed.

Charles P. Rolls, the prosecuting witness, testified in chief as follows:

"State your name? A. Charles P. Rolls.

"Q. What is your business? A. I came here as general manager for the World's Fair Manufacturing Company of Cincinnati, Ohio.

"Q. Do you know the defendant, Henry Coleman? A. I do.

"Q. Did you see him on or about the eighth of February this year? A. The night of the eighth of February.

"Q. Where did you see him? A. In his office. He was clerk for a rooming house.

"Q. Where was that? A. Somewhere about the corner of Broadway and Clark.

"Q. In the city of St. Louis and State of Missouri? A. Yes, sir.

"Q. Well, did you see him there at the desk? A. I saw him at the desk in the office.

"Q. What did you say to him? A. I went up to him and asked him if he could let me have a room for the night.

"Q. What did he say? A. He said, 'No, I haven't got any;' I said, 'Can't you give me something;' he said, 'No, I told you I could not.' I said, 'You need not be so grumpy,' and I turned and walked down the steps and he hit me with a slung shot at the back of my head

and I turned around and saw he was the man that did it.

"Q. Coleman? A. Yes, sir."

His cross-examination did not shake this evidence. In respect to his bleeding condition, he was corroborated by a police officer, who arrived on the scene a few minutes after the alleged assault and arrested the defendant.

Defendant testified in his own behalf. He admitted that Rolls came into the hotel office, but denied that he struck him, and said Rolls was drunk and boisterous and that he turned him around and told him to go down the steps; that he went and returned in a few minutes with the officer; that he did not know who struck Rolls, if he was struck. No person or persons were present other than Rolls and defendant at the time Rolls was in the hotel office and at the time the alleged assault was made.

BLAND, P. J. (after stating the facts).—When the trial court sits as a jury and gives a general verdict, an appellate court, in respect to the evidence, can only look to see if there is any substantial evidence to supdict. Bozarth v. Legion of Honor, 93 Mo. App. 564, 67 S. W. 679. The general rule of appellate practice is that an appellate court will not reverse a judgment, on the ground that the verdict is against the weight of the evidence, but will sustain the verdict where there is substantial evidence in support of it. Temple v. Railway, 83 Mo. App. 64; Colyer v. Railway, 93 Mo. App. 147; Deere Plow Co. v. Sullivan, 158 Mo. 440, 59 S. W. 1005. Rolls' evidence made out a clear case against the defendant and, however strong may have been the countervailing evidence, it was sufficient to warrant a conviction, if believed to be true.

The judgment is affirmed. All concur.